

1  Sloan R. Simmons, SBN 233752
   **LOZANO SMITH**
2  One Capitol Mall, Suite 640
   Sacramento, CA 95814
3  Telephone: (916) 329-7433
   Facsimile: (916) 329-9050
4  mkitabayashi@lozanosmith.com
   sloanrsimmons@lozanosmith.com
5
   Attorneys for Defendants
6  ALUM ROCK UNION ELEMENTARY SCHOOL DISTRICT
   and MARIBEL GUIZAR-MAITA
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  ROMULO RIMANDO,                    )   CASE NO. 5:08-cv-01874-JF
                                       )
12            Plaintiff,               )   **NOTICE OF MOTION AND**
                                       )   **MEMORANDUM OF POINTS AND**
13  v.                                 )   **AUTHORITIES IN SUPPORT OF**
                                       )   **DEFENDANTS' MOTION TO DISMISS**
14  ALUM ROCK UNION ELEMENTARY         )
    SCHOOL DISTRICT, MARIBEL GUIZAR-   )   **(Fed. R. Civ. P. 12)**
15  MAITA, INDIVIDUALLY,               )
                                       )   DATE:      September 19, 2008
16            Defendants.              )   TIME:      9:00 a.m.
                                       )   ROOM:      4, 5th Floor
17                                     )   TRIAL:     None Set
    _____)
18

19

20

21

22

23

24

25

26

27

28

*(vertical left margin text)* LOZANO SMITH  One Capitol Mall, Suite 640 Sacramento, CA 95814  Tel 916-329-7433 Fax 916-329-9050

---

1

**TABLE OF CONTENTS**

2    TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

3    NOTICE OF MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4    MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . 2

5    I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6    II.   STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

7    III.  STATEMENT OF RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . 4

8    IV.   GOVERNING LAW UNDER RULE 12 . . . . . . . . . . . . . . . . . . . . . 5

9    V.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10         A.    THIS COURT LACKS SUBJECT MATTER JURISDICTION
                 OVER PLAINTIFF'S USERRA CLAIMS AND SHOULD THUS
11               DISMISS SAME, AS WELL AS PLAINTIFF'S SUPPLEMENTAL
                 STATE LAW CLAIMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

12
                 1.    Claims Under USERRA Against State Employers Like the
13                     District Are Not Within the Jurisdiction of this Court. . . . . . . . . 7

14               2.    Upon Dismissal of Plaintiff's USERRA Claims for Lack of
                       Subject Matter Jurisdiction, this Court Must Dismiss Plaintiff's
15                     Supplemental State Law Claims. . . . . . . . . . . . . . . . . . . . . . 11

16         B.    ASSUMING *ARGUENDO* THAT THIS COURT HAS
                 JURISDICTION OVER PLAINTIFF'S FEDERAL USERRA
17               CLAIMS, THE ELEVENTH AMENDMENT BARS SUCH SUITS
                 AGAINST THE DISTRICT. . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
18
           C.    THE ELEVENTH AMENDMENT BARS PLAINTIFF'S STATE
19               LAW CLAIMS AGAINST THE DISTRICT FOR DAMAGES AS
                 WELL AS ALL OTHER MONETARY AND PROSPECTIVE
20               RELIEF; AND THIS COURT SHOULD OTHERWISE DISMISS
                 SUCH CLAIMS IN ITS DISCRETION UNDER 28 U.S.C. § 1367. . . . . . . . . 13
21
                 1.    The Eleventh Amendment Bars Plaintiff's State Law Claims
22                     Against the District. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

23               2.    Even if Not Barred by the Eleventh Amendment, in its
                       Discretion, this Court Should Dismiss Plaintiff's
24                     Supplemental State Law Claims. . . . . . . . . . . . . . . . . . . . . 14

25         D.    REGARDLESS OF THIS COURT'S TREATMENT OF
                 PLAINTIFF'S USERRA CLAIMS, THE CALIFORNIA GTCA
26               BARS MOST, IF NOT ALL, OF PLAINTIFF'S SOUGHT
                 AFTER RELIEF UNDER THE CALIFORNIA MILITARY
27               AND VETERANS CODE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

28    VI.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -i-

Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

# TABLE OF AUTHORITIES

## Cases

**United States Supreme Court**

*Bd. of Trs. v. Garrett,*
    531 U.S. 356 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*Carnegie-Mellon Univ. v. Cohill,*
    484 U.S. 343 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Employees of Dept. of Pub. Health & Welfare v. Dept. of Pub. Health & Welfare,*
    411 U.S. 279 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hafer v. Melo,*
    502 U.S. 21 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kentucky v. Graham,*
    472 U.S. 159 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Mt. Healthy City Sch. Dist. v. Doyle,*
    429 U.S. 274 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Seminole Tribe of Florida v. Florida,*
    517 U.S. 44 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United Mine Workers v. Gibbs,*
    383 U.S. 715 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Will v. Mich. Dept. of State Police,*
    491 U.S. 58 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Federal Appellate and District Courts**

*Acri v. Varian Assoc., Inc.,*
    114 F.3d 999 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Balistreri v. Pacifica Police Dept.,*
    901 F.2d 696 (9th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Barron v. Reich,*
    13 F.3d 1370 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Beentjes v. Placer County Air Pollution Control Dist.,*
    254 F.Supp.2d 1159 (E.D. Cal. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Belanger v. Madera,*
    963 F.2d 248 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 12

*Brown v. Lucky Stores, Inc.,*
    246 F.3d 1182 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

///

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss      -ii-      Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

*BV Eng'g v. Univ. of Cal.*,
  858 F.2d 1394 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Clegg v. Cult Awareness Network*,
  18 F.3d 752 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Clemes v. Del Norte County Unified Sch. Dist.*,
  843 F.Supp. 583 (N.D. Cal. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Cole v. Oroville Union High Sch. Dist.*,
  228 F.3d 1092 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Corrie v. Caterpillar, Inc.*,
  503 F.3d 974 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Davenport v. Bd. of Trs.*,
  2008 WL 17087 (E.D. Cal. Jan. 18, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Fordyce v. City of Seattle*,
  55 F.3d 436 (9th Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Forster v. SAIF Corp.*,
  23 F.Supp.2d 1196 (D. Or. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

*Freeman v. Oakland Unified Sch. Dist.*,
  179 F.3d 846 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12, 13, 14

*Gilligan v. Jamco Dev. Corp.*,
  108 F.3d 246 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Gilmore v. California, Dept. of Rehab.*,
  1995 WL 232364 (N.D. Cal. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Herman Family Revocable Trust v. Teddy Bear*,
  254 F.3d 802 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hilsenrath v. Shepard*,
  2007 WL 2729359 (N.D. Cal. Sept. 19, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Hines v. Cal. Public Utilities Com'n*,
  2008 WL 2631361 (N.D. Cal. June 30, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Ileto v. Glock Inc.*,
  349 F.3d 1191 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Jackson v. Hayakawa*,
  682 F.2d 1344 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Jiang v. Lee's Happy House*,
  2007 WL 3105087 (N.D. Cal. Oct. 23, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Knight v. Carlson*,
  478 F.Supp. 55 (E.D. Cal. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

///

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433  FAX 916-329-9050

*Larkins v. Dept. of Mental Health,*
  1999 WL 33100500 (M.D. Ala. Feb. 3, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lowery v. Reinhardt,*
  2008 WL 550083 (E.D. Cal. Feb. 27, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Mingo v. Oakland Unified Sch. Dist.,*
  2002 WL 243755 (N.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Mitchell v. Los Angeles Cmty. Coll. Dist.,*
  861 F.2d 198 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Musson Theatrical, Inc. v. Federal Express Corp.,*
  89 F.3d 1244 (6th Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Or. Entm't Corp. v. City of Beaverton,*
  233 Fed.Appx. 618 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Palmater v. Mich. Dept. of State Police,*
  981 F.Supp. 529 (W.D. Mich. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 12

*Pareto v. F.D.I.C.,*
  139 F.3d 696 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Patel v. Penman,*
  103 F.3d 868 (9th Cir.1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Porter v. Jones,*
  319 F.3d 483 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Risner v. Ohio Dept. of Rehab.,*
  __ F.Supp.2d ___, 2008 WL 2120543 (N.D. Ohio May 20, 2008) . . . . . . . . . . . . . . . . . . . . . . 8

*Rivera v. City of Merced,*
  2006 WL 3349576 (E.D. Cal. Nov. 16, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Safe Air for Everyone v. Meyer,*
  373 F.3d 1035 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Sanchez v. Elk Grove Unified Sch. Dist.,*
  2007 WL 1515510 (E.D. Cal. May 22, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12, 13

*Santos v. Los Angeles County Dept. of Children & Family Servs.,*
  200 Fed.Appx. 681 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Scott v. Pasadena Unified Sch. Dist.,*
  306 F.3d 646 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Spingola v. Regents of Univ. of Cal.,*
  2000 WL 1780260 (N.D. Cal. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14-15

*Stanley v. Trs. of Cal. State Univ.,*
  433 F.3d 1129 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

///

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                                   -iv-

Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

*Stoner v. Santa Clara County Office of Educ.,*
    502 F.3d 1116 (9th Cir. 2007) .................................................... 9

*Tosco Corp. v. Communities for a Better Env't,*
    236 F.3d 495 (9th Cir.2001) ..................................................... 5

*Valadez v. Regents of Univ. of Cal.,*
    2005 WL 1541086 (E.D. Cal. June 29, 2005) ................................. 8, 9, 10

*Velasquez v. Frapwell,*
    165 F.3d 593 (7th Cir. 1999) ................................................. 8, 10

*Velasquez v. Frampwell,*
    160 F.3d 389 (7th Cir. 1998) ................................................. 8, 12

*Visa U.S.A., Inc. v. First Data Corp.,*
    2006 WL 516662 (N.D. Cal. Mar. 2, 2006) ......................................... 11

**California State Courts**

*Cal. Sch. Employees Ass'n v. Azusa,*
    152 Cal.App.3d 580 (1984) .................................................. 17, 19

*Cal. Sch. Employees Ass'n v. Governing Bd.,*
    124 Cal.App.4th 574 (2004) .............................................. 16, 18, 19

*City of Ontario v. Super. Ct.,*
    12 Cal.App.4th 894 (1993) .................................................. 15, 17

*City of San Jose v. Super. Ct.,*
    12 Cal.3d 447 (1974) ........................................................... 16

*Fowler v. Howell,*
    42 Cal.App.4th 1746 (1996) ..................................................... 16

*Shirk v. Vista Unified Sch. Dist.,*
    42 Cal.4th 201 (2007) ...................................................... 15, 16

*Sofranek v. Merced County,*
    146 Cal.App.4th 1238 (2007) .................................................... 16

*State v. Super. Ct. ("Bodde"),*
    32 Cal.4th 1234 (2004) ......................................................... 16

*Tapia v. County of San Bernardino,*
    29 Cal.App.4th 375 (1994) .................................................. 17, 19

*TrafficSchoolOnline, Inc. v. Clarke,*
    112 Cal.App.4th 736 (2003) ..................................................... 19

*Williams v. Horvath,*
    16 Cal.3d 834 (1976) ........................................................... 16

///

///

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

**Statutes, Rules, and Regulations**

**California Civil Code**

CAL. CIV. CODE §§ 51 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**California Education Code**

CAL. EDUC. CODE § 88003 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**California Government Code**

CAL. GOV'T CODE §§ 900 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CAL. GOV'T CODE § 905 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 16, 17, 18, 19, 20

CAL. GOV'T CODE § 910 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CAL. GOV'T CODE § 911.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 17, 18

CAL. GOV'T CODE § 935 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 17, 19, 20

CAL. GOV'T CODE § 945.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CAL. GOV'T CODE § 945.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CAL. GOV'T CODE § 946 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CAL. GOV'T CODE § 950.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16, 19, 20

CAL. GOV'T CODE §§ 12900 *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**California Military and Veterans Code**

CAL. MIL. & VET. CODE § 394 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13, 14, 15, 20

CAL. MIL. & VET CODE § 395 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13, 14, 15, 20

**Federal Rules of Civil Procedure**

FED. R. CIV. P. 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 5, 6, 10, 11, 20

**Northern District Local Rules**

LOCAL RULE 7-2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LOCAL RULE 7-4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LOCAL RULE 11-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Public Laws**

Pub. L. 103-353, § 2(a), 108 Stats. 3149, 3165 (Oct. 13, 1994) . . . . . . . . . . . . . . . . . . . . 7

///

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -vi-

Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

**United States Code**

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

28 U.S.C. § 1367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 13, 14

38 U.S.C. § 4312 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

38 U.S.C. § 4313 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

38 U.S.C. § 4316 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

38 U.S.C. § 4322 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

38 U.S.C. § 4323 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7, 8, 9, 10

**United States Constitution**

U.S. CONST. amend. XI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

**Other**

Alum Rock Union Elementary School District Admin. Reg. 3320 . . . . . . . . . . . . . . 1, 3, 4-5, 17, 19, 20

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -vii-                    Rimando v. Alum Rock UESD et al.
                                                                 Case No. 5:08-cv-01874-JF

## NOTICE OF MOTION

TO PLAINTIFF ROMULO RIMANDO AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Northern District Local Rule 7-2, on September 19, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the above-entitled court located at 280 South 1st Street, San Jose, California 95113, in Courtroom number 4, 5th floor, Defendants Alum Rock Union Elementary School District ("District") and District Chief Technology Officer Maribel Guizar-Maita ("Guizar-Maita") (referred to collectively with the District as "Defendants"), will and hereby do move to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rule 12"), with respect to the entirety of Plaintiff Romulo R. Rimando's ("Plaintiff") Complaint on the following grounds:

1.      Each and all of Plaintiff's purported claims under the Uniformed Services Employment and Reemployment Act of 1994 ("USERRA") are outside this Court's subject matter jurisdiction because Plaintiff's suit is one by an individual against a State employer, and, thus, are subject to the jurisdiction of California state courts only;

2.      Absent subject matter jurisdiction over Plaintiff's federal USERRA claims, the Court must dismiss Plaintiff's supplemental state law claims;

3.      Assuming *arguendo* that subject jurisdiction over Plaintiff's federal USERRA claims is proper in federal district court, such claims against the District are barred by the Eleventh Amendment of the United States Constitution, and the same applies to Plaintiff's state law claims;

4.      Upon dismissal of Plaintiff's federal USERRA claims against the District on the basis of immunity under the Eleventh Amendment, the Court should, in its discretion, dismiss all of Plaintiff's remaining supplemental state law claims; and

5.      Regardless, Plaintiff's state law claims for damages and other monetary relief, including backpay, salaries, and all other monetary sums under the California Military and Veterans Code are barred because Plaintiff fails to plead compliance, and did not comply, with the claim presentation requirements of the California Government Tort Claims Act (California Government Code §§ 900 *et seq.*) ("GTCA") and related District Administrative Regulation 3320.

///

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                          -1-                          Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

1        This Motion is based on the instant Notice, the Memorandum of Points and Authorities submitted

2    herewith, Defendants' Request for Judicial Notice in support of same, all pleading in this action, as well

3    as any and all arguments to be offered at the hearing upon this Motion.

Dated: July 18, 2008                                    Respectfully submitted,

LOZANO SMITH

SLOAN R. SIMMONS
Attorneys for Defendants
ALUM ROCK UESD and
MARIBEL GUIZAR-MAITA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**INTRODUCTION**

    On or about April 8, 2008, Plaintiff filed a complaint asserting claims under the federal USERRA

and the California Military and Veterans Code against Defendants District and District employee Guizar-

Maita in her *individual* capacity. (*See* Compl. at 1:14-15, ¶¶ 2, 15.) Under the Complaint, Plaintiff

attempts to assert various claims seeking damages, including liquidated damages, back-pay, restored

retirement benefits, reinstatement, pre- and post-judgment interest, attorneys fees, costs, and civil fines.

(*See* Compl. at 5:9-22.)

    This Motion identifies the issues to be decided, followed by a statement of facts and the governing

standards and procedures under Rule 12 that relate to Defendants' Motion. Defendants' Motion then

establishes their entitlement to dismissal of all or certain of Plaintiff's claims from the Complaint,

including: (1) all claims against Defendants under USERRA for lack of subject matter jurisdiction; (2)

Plaintiff's supplemental state law claims, as a result of the Court's lack of subject matter jurisdiction

over Plaintiff's federal claims; (3) alternatively, all of Plaintiff's federal and state law claims against the

District that seek any form of damages and other prospective relief on the basis of Eleventh Amendment

immunity; (4) all state law claims against the Defendants, to the extent there the Court dismissed

LOZANO SMITH
One Capitol Mall, Suite 640 Sacramento, CA 95814
Tel 916-329-7433 Fax 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss       -2-    Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

1  Plaintiff's federal USERRA claims, regardless of the basis for doing so, as within the Court's discretion

2  under 28 U.S.C. § 1367; and (5) all of Plaintiff's state law claims for damages and various other forms

3  of monetary relief he seeks against Defendants, based on the failure to plead compliance or otherwise

4  comply with the GTCA and related District Administrative Regulation 3320.

5

6  ## II.
## STATEMENT OF ISSUES TO BE DECIDED

7  Pursuant to Local Rule 7-4, the following constitute the issues to be decided under Defendants'

8  Motion:

9  Whether this Court should dismiss Plaintiff's Complaint because:

10  1.    Each and all of Plaintiff's purported claims under USERRA are outside this Court's subject

11  matter jurisdiction because Plaintiff's suit is one by an individual against a State employer, and, thus, are

12  subject to the jurisdiction of California state courts only;

13  2.    Absent subject matter jurisdiction over Plaintiff's federal USERRA claims, the Court must

14  dismiss Plaintiff's supplemental state law claims;

15  3.    Assuming *arguendo* that subject jurisdiction over Plaintiff's federal USERRA claims is

16  proper in federal district court, such claims against the District are barred by the Eleventh Amendment,

17  and the same applies to Plaintiff's state law claims;

18  4.    Upon dismissal of Plaintiff's federal USERRA claims against the District on the basis of

19  immunity under the Eleventh Amendment, the Court should, in its discretion, dismiss all of Plaintiff's

20  remaining supplemental state law claims; and

21  5.    Plaintiff's state law claims for damages and other monetary relief, including

22  backpay, salaries, and all other monetary sums under the California Military and Veterans Code are

23  barred because Plaintiff fails to plead compliance, and did not comply, with the claim presentation

24  requirements of the GTCA and related District Administrative Regulation 3320.

25  ///

26  ///

27  ///

28  ///

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -3-                    Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

LOZANO SMITH
One Capitol Mall, Suite 640 Sacramento, CA 95814
Tel 916-329-7433 Fax 916-329-9050

### III.
### STATEMENT OF RELEVANT FACTS

On or about April 8, 2008, Plaintiffs filed, but did not serve, the Complaint. The Complaint includes claims for relief under 38 U.S.C. §§ 4312, 4313, and 4316(c) of USERRA, and California Military and Veterans Code §§ 394 and 395. (*See* Plaintiff's Complaint ("Compl.") at ¶ 20.) The Complaint names the District as a defendant, as well as Guizar-Maita in her *individual* capacity. (*See* Compl. at 1:14-15, ¶¶ 2, 15.) Plaintiff correctly alleges that the District is a California school district. (Compl. at ¶ 2.) The Complaint asserts jurisdiction exists in this Court for Plaintiff's USERRA claims under 38 U.S.C. § 4323(b)(3), or alternatively under 28 U.S.C. § 1331. (Compl. at ¶ 3.)

Plaintiff seeks "punitive and/or liquidated damages" under USERRA and the California Military and Veterans Code. (Compl. at ¶ 21.) Further, in the Complaint's prayer, Plaintiff generally requests against Defendants, "sums as the Court should deem reasonable and proper, including reinstatement to his former position with like seniority, status and pay together with back pay, liquidated damages, restored retirement benefits, reasonable attorneys' fees, pre-judgment interest, post-judgment interest if appropriate, expert witness fees and other litigation expenses, together with appropriate civil fines, damages . . . ." (Compl. at 5:11-15.)

Plaintiff alleges in the Complaint that after the District reemployed him on June 25, 2007, after leaving active duty with the United States Army, the District "terminated" his employment on August 9, 2007. (*See* Comp;. at ¶¶ 11-13, 19.)

The District has adopted Administrative Regulation 3320, entitled "Business and Noninstructional Operations[;] Claims And Actions Against the District[.]" (See Defendants' Request for Judicial Notice in Supp. of Mot. to Dismiss ["RJN"], Ex. A.) District AR 3320 states, in pertinent part:

1.     Claims for money or damages relating to a cause of action for death or for injury to person, personal property or growing crops shall be presented to the Governing Board not later than six months after the accrual of the cause of action. (Government Code 905, 911.2)

2.     Claims for money or damages specifically excepted from Government Code 905 shall be filed not later than six months after the accrual of the cause of action. (Government Code 905, 911.2, 935)

///

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -4-                    Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

1    3.    Claims for money or damages as authorized in Government Code 905 and not
2          included in item #1 above, including claims for damages to real property, shall be
          filed not later than one year after the accrual of the cause of action. (Government
3          Code 905, 911.2)

4  (RJN, Ex. A at p. 3.)  No where in the Complaint does Plaintiff plead compliance, or excuse from

5  compliance, with the GTCA or AR 3320; nor can he.  (*See* Compl. at 1-5.)[1]

6

7                                            **IV.**
                              **GOVERNING LAW UNDER RULE 12**
8
      A motion seeking dismissal under Rule 12(b)(1) "attacks 'the substance of the complaint's
9
   jurisdictional allegations[.]'"  (*Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 979 (9th Cir. 2007) (citation
10
   omitted).)
11

12          When subject matter jurisdiction is challenged under . . . Rule . . . 12(b)(1), the plaintiff has
             the burden of proving jurisdiction in order to survive the motion.  A plaintiff suing in a
13           federal court must show in his pleading, affirmatively and distinctly, the existence of
             whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having
14           the defect called to its attention or on discovering the same, must dismiss the case, unless the
             defect be corrected by amendment.
15
   (*Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (citations and internal
16
   quotations omitted); *see also Jiang v. Lee's Happy House*, 2007 WL 3105087, at p. *1 (N.D. Cal. Oct.
17
   23, 2007) (slip op.) ("As plaintiff is the party seeking to invoke the court's jurisdiction, he bears the
18
   burden of establishing subject matter jurisdiction.").)  In a "facial [jurisdictional] attack, the challenger
19
   asserts that the allegations contained in a complaint are insufficient on their face to invoke federal
20
   jurisdiction." (*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).)  The Court "must
21
   presume lack of jurisdiction until the plaintiff establishes otherwise." (*Hilsenrath v. Shepard*, 2007 WL
22
   2729359, at p. *2 (N.D. Cal. Sept. 19, 2007) (slip op.) (citation omitted).)
23

24  _____

25       [1]  While the Complaint indicates that Plaintiff's counsel is a member of the Louisiana, not
26  California, State Bar, and at the time of the filing of this Motion the docket for this case does not
   indicate any application for opposing counsel to appear *pro hac vice* in this matter, Defendants assume
27  that Plaintiff's counsel intends to apply for same pursuant to Local Rule 11-3 and the Northern District's
   "Instructions for *Pro Hac Vice* Admission," as he has for at least one other pending matter before this
28  Court.

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -5-

Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

1    A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint filed in

2   federal court.  (*Ileto v. Glock Inc.*, 349 F.3d 1191, 1199 (9th Cir. 2003).)  In other words, a motion to

3   dismiss under Rule 12(b)(6) requires a determination of whether the facts alleged in a complaint, if

4   proven, would or could support a claim for relief.  (*Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.

5   1998).)  Dismissal of a claim or claims for relief pursuant to such a motion is proper where there is

6   either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable

7   legal theory." (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990).)  As such, the issue

8   on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but

9   whether the claimant is entitled to offer evidence to support the claims asserted.  (*Gilligan v. Jamco Dev.*

10  *Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).)

11    When evaluating a Rule 12(b)(6) motion, the Court must accept all material allegations in the

12  complaint as true and construe them in the light most favorable to the non-moving party.  (*Barron v.*

13  *Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994).)  However, the Court is not required to accept "conclusory

14  legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn

15  from the facts alleged." (*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).)

16

17

18                                              **V.**
                                        **ARGUMENT**

19  **A.    THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S
          USERRA CLAIMS AND SHOULD THUS DISMISS SAME, AS WELL AS PLAINTIFF'S**
20        **SUPPLEMENTAL STATE LAW CLAIMS.**

21    As noted, Plaintiff's Complaint asserts claims under USERRA (38 U.S.C. §§ 4312, 4313,

22  4316(c)).  (Compl. at ¶ 20.)  Plaintiff asserts that this Court has jurisdiction over such claims pursuant to

23  38 U.S.C. § 4323(b)(3), or alternatively 28 U.S.C. § 1331.  (Compl. at ¶ 3.)  Plaintiff is incorrect, and

24  absent subject matter jurisdiction over Plaintiff's claims against the District, this Court must dismiss all

25  of Plaintiff's USERRA and state law claims.

26  ///

27  ///

28  ///

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433  FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                                    -6-                    Rimando v. Alum Rock UESD et al.
                                                                                  Case No. 5:08-cv-01874-JF

1     **1.    Claims Under USERRA Against State Employers Like the District Are Not Within the Jurisdiction of this Court.**

Prior to 1998, the jurisdictional provision for USERRA provided:

(b)  In the case of an action against a State as an employer, the appropriate district court is the court for any district in which the State exercises any authority or carries out any function.  In the case of a private employer the appropriate district court is the district court for any district in which the private employer of the person maintains a place of business.

(c)(1)(A)  The district courts of the United States shall have jurisdiction, upon the filing of a complain . . . . by or on behalf of the person claiming right or benefits under this chapter . . . .

(Pub. L. 103-353, § 2(a), 108 Stats. 3149, 3165 (Oct. 13, 1994); *former* 38 U.S.C.§ 4323(b), (c)(1)(A).)

Effective November 1998, Congress amended the jurisdiction for USERRA suits to the following:

(b)    **Jurisdiction.--**

    (1)    In the case of an action against a State (as an employer) or a private employer commenced by the United States, the district courts of the United States shall have jurisdiction over the action.

    (2)    *In the case of an action against a State (as an employer) by a person, the action may be brought in a State court of competent jurisdiction in accordance with the laws of the State.*

    (3)    In the case of an action against a private employer by a person, the district courts of the United States shall have jurisdiction of the action.

(38 U.S.C. § 4323(b)(1)-(3) (emphasis added).)

Per the express terms of USERRA, suits to enforce USERRA rights by the *United States* against a State employer or suits by an *individual against a private employer* have jurisdiction in the United States district courts.  (*Id.* at § 4323(b)(1), (3).)  However, to the contrary, suits *against a State employer by an individual* "may be brought in a State court of competent jurisdiction in accordance with the laws of the State." (*Id.* at § 4323(b)(2).)  Under the plain language of USERRA, if the District is considered a "State employer[,]" as opposed to a private employer, state courts, not this Court, have jurisdiction over Plaintiff's USERRA claims.

Legal authority interpreting USERRA's jurisdictional provision establishes that the District is the type of "State employer" which Congress intended be sued under USERRA in state court, not federal court.  Congress intended the relevant 1998 USERRA amendments to remedy the fact that State employers were entitled to Eleventh Amendment immunity to USERRA claims in federal court.  (*See*

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss        -7-        Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

1  *Risner v. Ohio Dept. of Rehab.*, __ F.Supp.2d ___, 2008 WL 2120543, at pp. *4-6 (N.D. Ohio May 20,

2  2008) (discussing legislative history of 1998 USERRA jurisdiction amendments); *see also Velasquez v.*

3  *Frapwell*, 165 F.3d 593, 593-94 (7th Cir. 1999) ("*Velasquez II*").)  This issue became most pressing after

4  the United States Supreme Court's ruling in *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996),

5  after which federal courts more routinely protected States immunity under the Eleventh Amendment

6  when sued in federal court, including in cases involving USERRA establishing that Congress did not

7  validly abrogate States' Eleventh Amendment immunity through USERRA.  (*See Velasquez v.*

8  *Frampwell* ("*Valesquez I*"), 160 F.3d 389, 391-95 (7th Cir. 1998), *rev'd on other grounds in Velasquez*

9  *II*, 165 F.3d at 593-94; *Forster v. SAIF Corp.*, 23 F.Supp.2d 1196, 1197-98 (D. Or. 1998); *Palmater v.*

10  *Mich. Dept. of State Police*, 981 F.Supp. 529, 531-32 (W.D. Mich. 1997).)  Thus, the 1998 USERRA

11  amendment setting jurisdiction for USERRA suits by individuals against State employers in state court,

12  as opposed to federal court, fixed the problem individual plaintiffs faced with State employers' Eleventh

13  Amendment affirmative defense in federal court.  (*See Valadez v. Regents of Univ. of Cal.*, 2005 WL

14  1541086, at pp. *2-4 (E.D. Cal. June 29, 2005); *see also Risner*, 2008 WL 2120543, at pp. *4-6.)

15       This understanding of USERRA makes consummate sense in that if the United States sues a State

16  employer on behalf of an individual to enforce the individuals USERRA rights, jurisdiction for the suit

17  lies in federal court.  (*See* 38 U.S.C. § 4323(b)(1).)  The Eleventh Amendment does not bar suits by the

18  United States against State defendants in federal court.  (*E.g.*, *Employees of Dept. of Pub. Health &*

19  *Welfare v. Dept. of Pub. Health & Welfare*, 411 U.S. 279, 285-86 (1973).)  Similarly, individuals may

20  sue "private employers" in federal court for alleged USERRA violations—where the Eleventh

21  Amendment affirmative defense is irrelevant.  (*See* U.S. Const. amend. XI; 38 U.S.C. § 4323(b)(3).)

22  Finally, while USERRA defines "private employers" to include "a political subdivision of a State" (also

23  a 1998 USERRA amendment addition), in context of the 1998 amendments this can only mean political

24  subdivisions of the State not considered the State for purposes of Eleventh Amendment immunity, such

25  as cities, counties, etc.  (*See, e.g.*, *Beentjes v. Placer County Air Pollution Control Dist.*, 254 F.Supp.2d

26  1159, 1163-73 (E.D. Cal. 2003) (California county air pollution control district not arm of state); *Knight*

27  *v. Carlson*, 478 F.Supp. 55, 56-58 (E.D. Cal. 1979) (California counties not arms of the state); *cf. Bd. of*

28  ///

Lozano Smith
One Capitol Mall, Suite 640 Sacramento, CA 95814
Tel 916-329-7433 Fax 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                                    -8-

Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

1  *Trs. v. Garrett*, 531 U.S. 356, 369 (2001) ("the Eleventh Amendment does not extend its immunity to

2  units of local government").)

3       It is *black letter law* that California school districts are considered arms of the state for purposes of

4  the Eleventh Amendment and, thus, are entitled to Eleventh Amendment immunity. (*See Stoner v. Santa*

5  *Clara County Office of Educ.*, 502 F.3d 1116, 1122 (9th Cir. 2007); *Freeman v. Oakland Unified Sch.*

6  *Dist.*, 179 F.3d 846, 846-47 (9th Cir. 1999); *Belanger v. Madera*, 963 F.2d 248, 250-255 (9th Cir. 1992);

7  *Sanchez v. Elk Grove Unified Sch. Dist.*, 2007 WL 1515510, at p. *5 (E.D. Cal. May 22, 2007) (slip op.);

8  *Clemes v. Del Norte County Unified Sch. Dist.*, 843 F.Supp. 583, 593 (N.D. Cal. 1994).) As a result, for

9  purposes of USERRA and consistent with the 1998 USERRA amendments, the District is a "State

10  employer" and this Court lacks subject matter jurisdiction over Plaintiff's USERRA claims.[2] (*Cf.*

11  *Stoner*, 502 F.3d at 1122 (discussing similar analytical step in interpreting other federal statute).)

12  Though *in other states* political subdivisions constituting private employers under USERRA may

13  include school districts, that is simply not the case in California based on *Belanger* and its progeny.

14  (*See, e.g., Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 280 (1977) (finding that under Ohio law,

15  school district more like county or city than arm of the state).)

16       Based on the language in USERRA's jurisdictional provision and the authority cited above, it is

17  not surprising that Defendants cannot identify one post-1998 judicial decision involving an individual

18  suing a California school district in federal court directly under USERRA. However, *Valadez v. The*

19  *Regents of the Univ. of Cal.*, 2005 WL 1541086 (E.D. Cal. June 29, 2005), is the most analogous case to

20  that at bar, and exemplifies the proper outcome here. In *Valadez*, an individual defendant brought suit

21  against the Regents of the University of California alleging USERRA violations. (*Valadez*, 2005 WL

22  1541086, at p. *1.) The defendants sought to dismiss plaintiff's USERRA claims on the basis that the

23  California district court lacked subject matter jurisdiction over the plaintiff's claims because of the 1998

24  USERRA jurisdictional amendments or, alternatively, the plaintiff's USERRA claims were barred by the

25  Eleventh Amendment. (*Id.* at p. *3.) The *Valadez* court noted first that, under the same reasoning and

26

27       [2] Because USERRA claims are only viable against "employers" (*see* 38 U.S.C. §§ 4322-23)),
Defendants assume that Plaintiff raises such claims only against the District. Plaintiff's Complaint does

28  not indicate otherwise.

LOZANO SMITH
One Capitol Mall, Suite 640 Sacramento, CA 95814
Tel 916-329-7433 Fax 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -9-                    Rimando v. Alum Rock UESD et al.
                                                                  Case No. 5:08-cv-01874-JF

1    analysis that *Belanger* and its progeny hold that California school districts are arms of the state, "there is

2    no dispute that" the defendant Board of Trustees of Regents of the University of California is an arms of

3    the state and, thus a state employer under USERRA.  (*Id.* (citations omitted); *compare BV Eng'g v. Univ.*

4    *of Cal.*, 858 F.2d 1394, 1395 (9th Cir. 1988) (cited in *Valadez* regarding University of California's status

5    as arm of state) *with Belanger*, 963 F.2d at 250-255.)  On point, the *Valadez* court reasoned and held in

6    pertinent part:

7

8                an examination of the text of 38 U.S.C. § 4323 and the changes Congress made to
         that text in 1998 persuades this court that the authorities cited reach the correct conclusion . .

9    . . [F]ederal district courts had jurisdiction over all USERRA claims against state employers
         regardless of the plaintiff's status.  *See also* 38 U.S.C. § 4323, legislative notes (38 U.S.C. §

10   4323(b) used to allow "an action against a State as an employer" to be brought in "any
         district in which the State exercise[d] any authority or carrie[d] out any function.").  This

11   changed with the 1998 amendment.

             In that amendment, Congress clearly made the proper forum for USERRA claims
12   dependent on who sued whom.  The amended statute specifically grants federal district
         courts jurisdiction over USERRA claims brought by the United States against both state and

13   private employers and claims brought by persons against private employers.  [Footnote
         omitted.]  However, "[i]n the case of an action against a State (as an employer) by a person,

14   ..." the postamendment statute states only that "... the action may be brought in a State court
         of competent jurisdiction in accordance with the laws of the State."  38 U.S.C. §

15   4323(b)(2)(emphasis added).

16            One might argue that the permissive language used in § 4323(b)(2) was not meant to
         exclude a person from bringing a USERRA claim against a state employer in federal court.

17   However, this argument is effectively defeated by the fact that, in the course of amending the
         statute, Congress removed the language from the preamendment statute allowing all actions

18   against state employers to be brought in qualifying district courts.  *See* 38 U.S.C. § 4323,
         legislative notes (listing previous text of 38 U.S.C. § 4323(b)) . . . .  Therefore, the court

19   interprets § 4323(b)(2) in accordance with the other courts that have reached the issue and
         concludes that federal district courts lack original jurisdiction over USERRA claims brought

20   by persons against a state employer.

21   (*Id.* at pp. *3-4.)  *Valadez* is consistent with other post-1998 decisions regarding USERRA suits by

22   individuals against state employers that would otherwise be entitled to Eleventh Amendment immunity,

23   all holding that federal district courts lack subject matter jurisdiction over such claims.  (*See Velasquez*

24   *v. Frapwell*, 165 F.3d 593, 593-94 (7th Cir. 1999); *Larkins v. Dept. of Mental Health*, 1999 WL

25   33100500, at pp. *1-2 (M.D. Ala. Feb. 3, 1999).)

26            Based on all of the above, this Court should dismiss Plaintiff's USERRA claims for lack of subject

27   matter jurisdiction under Rule 12(b)(1).

28   ///

LOZANO SMITH
One Capitol Mall, Suite 640 Sacramento, CA 95814
Tel 916-329-7433 Fax 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -10-                    Rimando v. Alum Rock UESD et al.
                                                                  Case No. 5:08-cv-01874-JF

1   **2.    Upon Dismissal of Plaintiff's USERRA Claims for Lack of Subject Matter**
2        **Jurisdiction, this Court Must Dismiss Plaintiff's Supplemental State Law Claims.**

3        28 U.S.C. § 1367, the federal statute delineating federal courts' supplemental jurisdiction over

4   state law claims, states in pertinent part:

5

6        Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal
         statute, in any civil action of which the district courts *have original jurisdiction*, the district
7        courts shall have supplemental jurisdiction over all other claims that are so related to claims
         in the action within such original jurisdiction that they form part of the same case or
8        controversy under Article III of the United States Constitution. Such supplemental
         jurisdiction shall include claims that involve the joinder or intervention of additional parties.

9   (28 U.S.C. § 1367(a) (emphasis added).)   As such, under 28 U.S.C. § 1367(a), "[i]f the district court

10  dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining

11  claims; *if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must*

12  *dismiss all claims.*"   (*Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001);

13  *see also Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002).)   In other words,

14  following dismissal of Plaintiff's federal USERRA claims for lack of subject matter jurisdiction under

15  Rule 12(b)(1),  "[e]xercise of jurisdiction [over Plaintiff's supplemental state law claims] . . . would[ ]

16  violate Article III of the Constitution, because the original federal claim would not have 'substance

17  sufficient to confer subject matter jurisdiction upon the court[.]'"  (*Musson Theatrical, Inc. v. Federal*

18  *Express Corp.*, 89 F.3d 1244, 1255 (6th Cir.1996) (quoting *United Mine Workers v. Gibbs*, 383 U.S.

19  715, 725 (1966)).)

20        As a consequence of this Court's dismissal of Plaintiff's USERRA claims under Rule 12(b)(1) for

21  lack of subject matter jurisdiction, pursuant to strictures of 28 U.S.C. § 1367, this Court cannot exercise

22  supplemental jurisdiction over Plaintiff's state law claims, and the Court must dismiss them as well.

23  (*See Lowery v. Reinhardt*, 2008 WL 550083, at p. *7 (E.D. Cal. Feb. 27, 2008) (slip op.) ("Where the

24  district court dismisses all federal claims for lack of subject matter jurisdiction on the merits, it has no

25  discretion to retain supplemental jurisdiction to adjudicate the remaining state law claims.") (citation

26  omitted); *Visa U.S.A., Inc. v. First Data Corp.*, 2006 WL 516662, at p. *7 (N.D. Cal. Mar. 2, 2006)

27  (same).)

28  ///

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO,  CA  95814
TEL 916-329-7433  FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                                    -11-                     Rimando v. Alum Rock UESD et al.
                                                                                   Case No. 5:08-cv-01874-JF

**B.   ASSUMING *ARGUENDO* THAT THIS COURT HAS JURISDICTION OVER PLAINTIFF'S FEDERAL USERRA CLAIMS, THE ELEVENTH AMENDMENT BARS SUCH SUITS AGAINST THE DISTRICT.**

If the Court does not dismiss Plaintiff's USERRA's claims for lack of subject matter jurisdiction, such claims are barred by the Eleventh Amendment.

Generally, "[t]he Eleventh Amendment erects a . . . bar against federal lawsuits brought against a state." *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003) (citation omitted).)[3]  Whether Eleventh Amendment immunity applies to protect the particular governmental agency in question from such suit depends on whether the entity is an arm of the State. (*Mt. Healthy City Sch. Dist.*, 429 U.S. at 280; *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201-02 (9th Cir. 1989).  As noted, it is settled law that California school districts (such as the District) are arms of the State and, thus, enjoy Eleventh Amendment immunity. (*E.g.*, *Freeman*, 179 F.3d at 846-47; *Belanger*, 963 F.2d at 250-255; *Sanchez*, 2007 WL 1515510, at p. *5.)

While Congress may abrogate the States' Eleventh Amendment immunity, it has not done so through USERRA. (*See Valesquez I*, 160 F.3d at 391-95; *Forster*, 23 F.Supp.2d at 1197-98; *Palmater*, 981 F.Supp. at 531-32; see *also Risner*, 2008 WL 2120542 at pp. *6-9.)[4]  Thus, any claims by Plaintiff under USERRA are barred, regardless of the issue of subject matter jurisdiction for such claims. (*See Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1100 n.4 (9th Cir. 2000) (citing *Belanger*, 963 F.2d at 251-54 and *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)).)

///

---

[3]  This bar extends to suits against state officers in their official capacities based on the reasoning that "official capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (*Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 472 U.S. 159, 165 (1985)); *Jackson v. Hayakawa*, 682 F.2d 1344, 1350 (9th Cir. 1982) (citation omitted).)  That said, Plaintiff's Complaint does not include any claims against any District officials in their official capacity.

[4]  Notably, the cited decisions were issued prior to the 1998 amendment to USERRA by Congress that sought to fix the issue of States' Eleventh Amendment immunity to suit under USERRA by providing for exclusive jurisdiction for such claims by individuals against State employers in state courts.  Presumably Congress succeeded with its intent for the amendments, and claims like those raised by Plaintiff are now raised in state court, as opposed to federal court where the Eleventh Amendment affirmative defense is available.

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

**C.    THE ELEVENTH AMENDMENT BARS PLAINTIFF'S STATE LAW CLAIMS AGAINST THE DISTRICT FOR DAMAGES AS WELL AS ALL OTHER MONETARY AND PROSPECTIVE RELIEF; AND THIS COURT SHOULD OTHERWISE DISMISS SUCH CLAIMS IN ITS DISCRETION UNDER 28 U.S.C. § 1367.**

**1.    The Eleventh Amendment Bars Plaintiff's State Law Claims Against the District.**

The Eleventh Amendment affirmative defense for the District extends not only to Plaintiff's USERRA claims, but his state law claims as well:  "The Eleventh Amendment bars federal suits against a state, its agencies, or its departments *for violations of state law* regardless of the relief sought, unless the state consents to suit." (*Sanchez*, 2007 WL 1515510, at p. *4 (citations omitted) (emphasis added); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 121 (1984) (federal courts cannot award monetary damages or prospective relief against State for state law violations).)

Federal courts in California have repeatedly applied the above-referenced principle of the Eleventh Amendment to bar state law claims against arms of the State such as the District.  For example, in *Freeman v. Oakland Unified School District*, 179 F.3d 846 (9th Cir. 1999), the Ninth Circuit Court of Appeals upheld the district court's dismissal of the plaintiff's state law claims under the California Fair Employment and Housing Act ("FEHA") (California Government Code §§ 12900 *et seq.*) on this basis. (*Freeman*, 179 F.3d at 846-47 ("28 U.S.C. § 1367 is not a congressional abrogation of state sovereign immunity.  *See Pennhurst* . . . (holding the Eleventh Amendment 'applies . . . to state law claims brought into federal court under pendent jurisdiction').  California has not waived its immunity to FEHA actions in federal court. *See Fordyce v. City of Seattle*, 55 F.3d 436, 441 (9th Cir.1995) ('[A] statute consenting to suit in state court does not constitute consent to suit in federal court.')."); *Mingo v. Oakland Unified Sch. Dist.*, 2002 WL 243755, at p. *2 (N.D. Cal. 2002) (same); *see also Gilmore v. California, Dept. of Rehab.*, 1995 WL 232364, at p. *4 (N.D. Cal. 1995) ("In addition, the Eleventh Amendment bars all of Gilmore's state law claims against the department and its director in his or her official capacity.") (citation omitted).)  In *Stanley v. Trustees of California State University*, 433 F.3d 1129, 1133-34 (9th Cir. 2006), the Ninth Circuit reached the same conclusion as in *Freeman* with regard to state law claims under the California Unruh Civil Rights Act ("Unruh Act") (Civil Code §§ 51 *et seq.*).

Here, there is no difference between Plaintiff's claims for damages, as well as all other monetary and prospective relief under California Military and Veterans Code §§ 394 and 395 (*see* Compl. at ¶¶

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -13-

Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

1  20-21, 5:11-15) and the FEHA and Unruh Act state law claims in *Freeman* and *Stanley*.  Regardless of

2  whether this Court dismisses Plaintiff's USERRA claims for lack of subject matter jurisdiction or based

3  on Eleventh Amendment immunity, this Court should dismiss Plaintiff's Military and Veterans Code §

4  394 claim because Plaintiff seeks actual damages under same, and Plaintiff's Military and Veterans

5  Code § 395 to the full extent that Plaintiff's seeks damages, as well as all other monetary and

6  prospective relief against the District under same, based on Eleventh Amendment immunity.  (*See*

7  Compl. at ¶¶ 20-21, 5:11-15; CAL. MIL. & VET. CODE § 394 (g); *see also Stanley*, 433 F.3d at 1133-34;

8  *Freeman*, 179 F.3d at 846-47.)

9

10      **2.**     **Even if Not Barred by the Eleventh Amendment, in its Discretion, this Court Should Dismiss Plaintiff's Supplemental State Law Claims.**

11      Assuming *arguendo* that: (1) Plaintiff's federal USERRA claims are not dismissed for lack of

12  subject matter jurisdiction and, thus, do not trigger automatic dismissal of Plaintiff's supplemental state

13  law claims; and (2) Plaintiff's state law claims are not barred by the Eleventh Amendment; but

14  (3) Plaintiff's USERRA claims *are* barred by the Eleventh Amendment, this Court should dismiss

15  Plaintiff's state law claims in its discretion under 28 U.S.C. § 1367.

16      "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of

17  factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."

18  (*Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (quoting *Carnegie-Mellon Univ. v.*

19  *Cohill*, 484 U.S. 343, 350 n. 7 (1998)).)  In fact, the general rule is that it is not an abuse of discretion for

20  the district court to decline to exercise supplemental jurisdiction over pendant state-law claims once all

21  federal claims are resolved.  (*Or. Entm't Corp. v. City of Beaverton*, 233 Fed.Appx. 618, 619 (9th Cir.

22  2007) ("Because the district court correctly resolved all the federal claims, it did not abuse its discretion

23  in declining to exercise supplemental jurisdiction.") (citation omitted); *Santos v. Los Angeles County*

24  *Dept. of Children & Family Servs.*, 200 Fed.Appx. 681, 683 (9th Cir. 2006) ("While the parties argue the

25  merits of Santos's state law claims, the district court's dismissal was based on its determination to

26  decline to exercise supplemental jurisdiction."); *see also* 28 U.S.C. § 1367(c); *Brown v. Lucky Stores,*

27  *Inc.*, 246 F.3d 1182, 1189 (9th Cir. 2001); *Spingola v. Regents of Univ. of Cal.*, 2000 WL 1780260, at p.

28  *11 (N.D. Cal. 2000) ("It is not an abuse of discretion to remand remaining state-law claims when

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -14-

Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

1  federal-law claims have been resolved.") (citing *Patel v. Penman*, 103 F.3d 868, 878 (9th Cir.1996)).)

2  As such, assuming dismissal of Plaintiff's USERRA claims one way or another as described above, this

3  Court should exercise its discretion and dismiss Plaintiff's state law claims as well.

4

5  **D.     REGARDLESS OF THIS COURT'S TREATMENT OF PLAINTIFF'S USERRA CLAIMS,
           THE CALIFORNIA GTCA BARS MOST, IF NOT ALL, OF PLAINTIFF'S SOUGHT**

6  **     AFTER RELIEF UNDER THE CALIFORNIA MILITARY AND VETERANS CODE.**

7          Plaintiff raises state law claims under California Military and Veterans Code §§ 394 ad 395.

8  Section 394 is in essence an anti-discrimination statute aimed at protecting members of the armed forces

9  from discrimination based on their membership or service in the military forces.  The remedies under §

10 394 are as follows: "Any person violating this section is guilty of a misdemeanor.  In addition, any

11 person violating any of the provisions of this section shall be liable for *actual damages* and reasonable

12 attorney's fees incurred by the injured party."  (CAL. MIL. & VET. CODE § 395(g).)  Section 395 of the

13 Military and Veterans Code provides for temporary leaves of absence by public employees for military

14 service and provides, under certain conditions, a right to reinstatement to am employee who takes such

15 leave.

16         While § 394 provides the remedy of actual damages for discrimination based on military status,

17 and § 395 provides for reinstatement after a temporary military leave of absence, Plaintiff seeks the

18 following remedies under his state law claims: "sums as the Court should deem reasonable and proper,

19 including reinstatement to his former position with like seniority, status and pay together with back pay,

20 liquidated damages, restored retirement benefits, reasonable attorneys' fees, pre-judgment interest, post-

21 judgment interest f appropriate, expert witness fees and other litigation expenses, together with

22 appropriate civil fines, damages . . . ."  (*See* Compl. at 5:11-15; *see also* Compl. at 5:15-22.)

23         As the general rule, the GTCA requires that "any party with a claim for money or damages against

24 a public entity must first file a claim directly with that entity; only if that claim is denied or rejected may

25 the claimant file a lawsuit."  (*City of Ontario v. Super. Ct.*, 12 Cal.App.4th 894, 898 (1993) (citations

26 omitted); *see also Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208 (2007) (citations omitted).)  The

27 claim presentation requirement also applies to "a cause of action against a public employee . . . for injury

28 resulting from an act or omission in the scope of his employment as a public employee . . . ."  (CAL.

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                                    -15-                    Rimando v. Alum Rock UESD et al.
                                                                                  Case No. 5:08-cv-01874-JF

1    GOV'T CODE § 950.2; *see Rivera v. City of Merced*, 2006 WL 3349576, at p. *6 (E.D. Cal. Nov. 16,

2    2006); *Williams v. Horvath*, 16 Cal.3d 834, 838 (1976).)[5]

3         A "[t]imely claim presentation is not merely a procedural requirement, but is . . . a condition

4    precedent to plaintiff's maintaining an action against defendant . . . , and thus *an element of the*

5    *plaintiff's cause of action.*" (*Shirk*, 42 Cal.4th at 209 (citing *State v. Super. Ct.*, 32 Cal.4th 1234, 1240

6    (2004) ("*Bodde*") (quotations omitted and emphasis added); *see also City of San Jose v. Super. Ct.*, 12

7    Cal.3d 447, 454 (1974) ("In actions for damages against local public entities, the claims statutes require

8    timely filing of a proper claim as condition precedent to the maintenance of the action . . . Compliance

9    with the claims statutes is mandatory . . .; and failure to file a claim is fatal to the cause of action.")

10   (citations omitted).) "Complaints that do not allege facts demonstrating either that a claim was timely

11   presented or that compliance with the claims statute is excused are subject to a general demurrer for not

12   stating facts sufficient to constitute a cause of action." (*Id.* (citing *Bodde*, 32 Cal.4th at 1245); *see also*

13   *Sofranek v. Merced County*, 146 Cal.App.4th 1238, 1246 (2007) ("Failure to timely present a claim for

14   money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity . . .  Before a

15   cause of action may be stated, a plaintiff must allege either compliance with this procedure or

16   circumstances excusing compliance.") (citations omitted).)

17        Government Code § 905 encompasses the general rule for claim presentation, but also includes the

18   relevant exceptions.  (*See Cal. Sch. Employees Ass'n v. Governing Bd.*, 124 Cal.App.4th 574, 589

19   (2004).)  Specifically, Government Code § 905 states, in pertinent part:

20
      There shall be presented in accordance with Chapter 1 (commencing with Section 900) and
21    Chapter 2 (commencing with Section 910) of this part all claims for money or damages
      against local public entities except:
22
      ***
23
      (c)    Claims by public employees for fees, salaries, wages, mileage or other expenses and
24           allowances.

25

26   _____

27   [5]    For purposes of California Government Code § 950.2, "[a]n employee acts within 'the scope
      of his employment' when he is engaged in work he was employed to perform or when an act is incident
      to his duty and was performed for the benefit of his employer and not to serve his own purpose."
28   (*Fowler v. Howell*, 42 Cal.App.4th 1746, 1750 (1996) (citation omitted).)

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL. 916-329-7433 FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -16-

Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

1    \*\*\*

2    (f)    Applications or claims for money or benefits under any public retirement or pension
       system.

3    \*\*\*

4    (CAL. GOVT. CODE § 905(c), (f); *see City of Ontario*, 12 Cal.App.4th at 898.)

5        While Government Code § 905 excepts certain claims from the GTCA's claim presentation

6    requirements, Government Code § 935 "empowers local public entities to establish their own policies

7    and procedures for the presentation of . . ." claims excepted by § 905.  (*City of Ontario*, 12 Cal.App.4th

8    at 898; *see* CAL. GOV'T CODE § 935.)  Government Code § 935 provides, in pertinent part:

9

10    (a)    Claims against a local public entity for money or damages which are excepted by
         Section 905 from Chapter 1 (commencing with Section 900) and Chapter 2
         (commencing with Section 910) of this part, and which are not governed by any other

11       statutes or regulations expressly relating thereto, shall be governed by the procedure
         prescribed in any charter, ordinance or regulation adopted by the local public entity.

12    (b)    The procedure so prescribed may include a requirement that a claim be presented and

13       acted upon as a prerequisite to suit thereon.  If such requirement is included, any
         action brought against the public entity on the claim shall be subject to the provisions

14       of Section 945.6 and Section 946.

15    (CAL. GOV'T CODE § 935(a)-(b); *see, e.g.*, *Tapia v. County of San Bernardino*, 29 Cal.App.4th 375, 383

16    (1994) (where local public entity adopted policy under § 935); *Cal. Sch. Employees Ass'n v. Azusa*, 152

17    Cal.App.3d 580, 586 (1984) (same).)

18        Pursuant to Government Code § 935, District Administrative Regulation 3320 ("AR 3320"),

19    regarding the "Time Limitations" for "Claims And Actions Against The District[,]" provides:

20

21    1.    Claims for money or damages relating to a cause of action for death or for injury to
         person, personal property or growing crops shall be presented to the Governing
         Board not later than six months after the accrual of the cause of action. (Government

22       Code 905, 911.2)

23    2.    Claims for money or damages specifically excepted from Government Code 905
         shall be filed not later than six months after the accrual of the cause of action.

24       (Government Code 905, 911.2, 935)

25    3.    Claims for money or damages as authorized in Government Code 905 and not
         included in item #1 above, including claims for damages to real property, shall be

26       filed not later than one year after the accrual of the cause of action. (Government
         Code 905, 911.2)

27

28    ///

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -17-                    Rimando v. Alum Rock UESD et al.
                                                                 Case No. 5:08-cv-01874-JF

1    *California School Employees Association v. Governing Board*, 124 Cal.App.4th 574 (2004)

2    ("*CSEA*"), exemplifies the effect of a claim presentation requirement adopted by a public entity pursuant

3    to California Government Code § 935 under the GTCA.  In *CSEA*, the California School Employees

4    Association filed a petition for a writ of mandate seeking to compel the defendant community college

5    district to award three employees classified status *and* lost wages, alleging that the defendant district had

6    improperly interpreted Education Code § 88003, which governs when a substitute or short-term

7    community college district employee is entitled to classified service designation.  (*CSEA*, 124

8    Cal.App.4th at 580-81.)  The trial court rejected the petition.  (*Id.* at 581.)

9        On appeal, the Court of Appeal reversed the trial court's decision, reaching two distinct holdings.

10   (See *id.* at 593.)  First, the appellate court ruled that the trial court erred in its interpretation of California

11   Education Code § 88003 (*id.* at 583-89), and ordered the trial court to issue a writ of mandate

12   reclassifying the relevant petitioner employees to classified employee status under California Education

13   Code § 88003 (*id.* at 593).  Second, the appellate court held that the petitioners' request for "lost wages"

14   resulting from the school district's error in classification was barred by the petitioners' failure to comply

15   with the GTCA.  (*Id.* at 589-93.)

16       While both of the *CSEA* court's holdings are important, the court's second holding deserves the

17   most attention.  In *CSEA*, just as here, the community college district adopted specific policies and

18   procedures under Government Code § 935 for the presentation of claims excepted by Government Code

19   § 905.  (*Id.* at 589-90.)  While the normal claim presentation requirements of the GTCA did not require

20   petitioners to present a claim for their requested lost wages damages (*see* CAL. GOV'T CODE § 905(c)),

21   Government Code § 935 and the defendant district's local policy did require such presentation.  (*Id.* at

22   590-93.)  The *CSEA* court rejected the line of cases cited by petitioners that purportedly held that

23   "incidental damages," e.g., money or damages sought incidental to injunctive or declaratory relief, did

24   not trigger the claim presentation requirements of the GTCA, whether or not such requirements are

25   based on procedures established by local public entities under Government Code § 935.  (*Id.*)

26       Summarizing its holding regarding the petitioners' sought-after damages that related to their

27   equitable relief of proper classification under Education Code § 88003, the *CSEA* court stated:

28   ///

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                -18-                Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

1   As discussed, however, Government Code section 935 authorized local public entities to
    require notice for claims excepted under Government Code section 905. The statutory
2   purpose underlying the notice provisions is furthered whether a claim for monetary relief is
    part of an equitable action or stands on its own. To carve out a judicial exception for
3   incidental damages would frustrate the legislative intent underlying Government Code
    section 935. We therefore conclude CSEA was required to provide notice of its claims.
4   Having failed to do so, the claims for lost wages and other monetary relief are barred.

5   (*Id.* at 592-93.) This holding in *CSEA* is consistent with other contemporary California decisions that

6   have examined this issue. (*Tapia*, 29 Cal.App.4th at 383 ("Where a petition for writ of mandate may

7   seek either monetary damages or other extraordinary relief, failure to file a claim is fatal to the recovery

8   of money damages.") (citations omitted); *Azusa*, 152 Cal.App.3d at 587 ("while CSEA was not required

9   by Government Code section 900 *et seq.* to file the instant claim for wages as a prerequisite to

10  petitioning the court for a peremptory writ of mandate, a claim was required to be lodged with

11  appellant's under the mandate of board policy 2602 [adopted pursuant to Government Code section

12  935]"); *see also TrafficSchoolOnline, Inc. v. Clarke*, 112 Cal.App.4th 736, 741 (2003) ("Since an

13  incidental damage claim seeks monetary relief, the express language of Government Code section 945.4

14  requires presentation of a claim as a precondition to the filing of suit. The language of . . . section 945.4

15  contains no exception for 'incidental damages'") (citations omitted).)

16      All in all, California Government Code §§ 905, 935, 950.2, and AR 3320 requires timely

17  filing/presentation of a claim to the District by a party asserting a claim for monetary damages, even

18  where the claim is specifically excepted from Government Code § 905, such as "[c]laims by public

19  employees for fees, salaries, wages, mileage or other expenses and allowances[]" and "[a]pplications or

20  claims for money or benefits under any public retirement or pension system." (CAL. GOV'T CODE §

21  905(c), (f).) The claim presentation requirement includes claims against Guizar-Maita for acts in the

22  scope of her employment, such as those purported raised by Plaintiff in the Complaint. (CAL. GOV'T

23  CODE § 950.2.)

24      Plaintiff does not plead in his Complaint compliance or an excuse from compliance with the claim

25  presentation requirements of Government Code §§ 905, 935, and 950.2, or AR 3320, for claims for

26  damages or other forms of monetary relief. (*See* Compl. at 1-5.) In fact, to the Defendants' knowledge,

27  Plaintiff did not file a claim with the District consistent with the GTCA or AR 3320 in relation to the

28  damages and other monetary relief now sought in his Complaint against the District and Guizar-Maita.

LOZANO SMITH
ONE CAPITOL MALL, SUITE 640 SACRAMENTO, CA 95814
TEL 916-329-7433 FAX 916-329-9050

1  Thus, all claims against the Defendants under California Military and Veterans Code § 394, which

2  expressly provide only for the remedies of actual damages and reasonable attorneys' fees, are plainly

3  barred by the GTCA.  (*See* CAL. GOV'T CODE §§ 905, 935, 950.2; RJN, Ex. A at p. 3 (AR 3320).)

4  Further, to the full extent that Plaintiff seeks any other form of monetary relief under California Military

5  and Veterans Code § 395 against Defendants that is covered under the AR 3320, the GTCA and AR

6  3320 bar those claims too.  (*See* CAL. GOV'T CODE §§ 905, 935, 950.2; RJN, Ex. A at p. 3 (AR 3320).)

7  This Court should dismiss Plaintiff's state law claims consistent with the above-described authority

8  under Rule 12(b)(6), for failure to state a claim on which relief may be granted.  (*See, e.g.*, *Hines v. Cal.*

9  *Public Utilities Com'n*, 2008 WL 2631361, at p. *10 (N.D. Cal. June 30, 2008) (slip op.); *Davenport v.*

10 *Bd. of Trs.*, 2008 WL 17087, at pp. *10-12 (E.D. Cal. Jan. 18, 2008) (slip op.).)

11

12                                            **VI.**
                                    **CONCLUSION**
13

14         For the foregoing reasons, this Court should dismiss Plaintiff's Complaint in its entirety.

15 Dated: July 18, 2008                          Respectfully submitted,

16                                                LOZANO SMITH

17

18                                                _____
                                                SLOAN R. SIMMONS
19                                                Attorneys for Defendants
                                                ALUM ROCK UESD and
20                                                MARIBEL GUIZAR-MAITA

   00181\027\PLD\SC017262.WPD
21

22

23

24

25

26

27

28

Not. of Mot. & Mem. P. & A. in Support of
Defs.' Mot. to Dismiss                    -20-          Rimando v. Alum Rock UESD et al.
                                                        Case No. 5:08-cv-01874-JF