Sloan R. Simmons, SBN 233752
**LOZANO SMITH**
One Capitol Mall, Suite 640
Sacramento, CA 95814
Telephone: (916) 329-7433
Facsimile: (916) 329-9050
sloanrsimmons@lozanosmith.com

Attorneys for Defendants
ALUM ROCK UNION ELEMENTARY SCHOOL DISTRICT
and MARIBEL GUIZAR-MAITA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO RIMANDO,<br><br>  Plaintiff,<br><br>v.<br><br>ALUM ROCK UNION ELEMENTARY SCHOOL DISTRICT, MARIBEL GUIZAR-MAITA, INDIVIDUALLY,<br><br>  Defendants. | CASE NO. 5:08-cv-01874-JF<br><br>**DEFENDANTS' RESPONSE/OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SEEK ADMINISTRATIVE RELIEF**<br><br>**Hearing on Motion to Dismiss:**<br><br>DATE:   September 19, 2008<br>TIME:   9:00 a.m.<br>ROOM:  4, 5th Floor<br>TRIAL:  None Set |

## INTRODUCTION

On September 1, 2008, Plaintiff Romulo Rimando ("Plaintiff") filed a Motion for Leave to Seek Administrative Relief ("Motion") regarding Plaintiff's Memorandum in Opposition to Defendants Alum Rock Union Elementary School District ("District") and Maribel Guizar-Maita's (concurrently with the District, "Defendants") Motion to Dismiss, which is scheduled for hearing on September 19, 2008, in the above-referenced court. Plaintiff's Motion requests relief from untimely filing his Opposition beyond the August 29, 2008 deadline for same, and Court allowance for his Opposition to exceed the 25-page limit under Local Rule 7-3. Defendants do not oppose Plaintiff's late-filing of his Opposition due to Hurricane Gustav. However, Defendants do oppose Plaintiff's request to exceed the page limitations under Local Rule 7-3 as described herein.

Defs.' Response/Opp'n to Pl.'s
Mot. for Admin. Relief

Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

# ARGUMENT

## I. Defendants Do Not Oppose the Late Filing of Plaintiff's Opposition.

Plaintiff's Motion asserts that, "[d]ue to unforeseen preparations and evacuations of key office personnel in expectation of the arrival of Hurricane Gustav in New Orleans, where the undersigned lives and offices on August 29th, undersigned counsel was unable to electronically file Plaintiff's Memorandum in Opposition . . . on its due-date of Friday, August 29, 2008." Based on Plaintiff's counsel's averments regarding the circumstances in the New Orleans area in recent days, Defendants recognize the seriousness of the circumstances, and do not oppose the late filing of Plaintiff's Opposition on September 1, 2008.

## II. Defendants Do Oppose Plaintiff's Request to File an Opposition in Excess of 25 Pages.

First, Local Rule 7-4(b) states: "Unless the Court expressly orders otherwise pursuant to a party's request made _prior to_ the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text . . . ." (Emphasis added.) Defendants filed their Motion to Dismiss on July 18, 2008, more than two months prior to the August 29, 2008 deadline for Plaintiff to file his Opposition. While Plaintiff has a valid justification as to why he could not file his Opposition on a timely basis because of the approaching Hurricane Gustav, this does not justify failing to file a request to exceed the page limit for the Opposition in advance of August 29, 2008, as required by Local Rule 7-4.[1]

Second, Defendants Motion to Dismiss is 20 pages long. Defendants submit that it does not require 40 pages to address the issues raised in the Motion to Dismiss.

Finally, Plaintiff indicates that his Opposition was originally in 12-point font, was then corrected "in accordance with the Local Rules, . . ." and now exceeds the 25-page limit for opposition papers. Local Rule 3-4, entitled "Papers Presented for Filing[,]" states, in pertinent part:

> Written Text. Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations. Typewritten text may be no less than standard pica or 12-point type in the

---

[1] On the morning of August 29, 2008, Plaintiff's and Defendants' counsel conducted a meet and confer for purposes of preparing the Parties' Joint Case Management Conference Statement. While counsel briefly discussed Plaintiff's counsel's potential evacuation plans, Plaintiff's counsel did not raise or request to discuss Plaintiff's filing of an Opposition beyond the 25-page limit requirement of Local Rule 7-3.

Courier font or equivalent, spaced 10 characters per horizontal inch. *Printed text, produced on a word processor or other computer, may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman).* The text of footnotes and quotations must also conform to these font requirements.

Local Rule 3-4(c)(2) (emphasis added). Under Local Rule 3-4, 12-point Times New Roman text is appropriate. That said, it is unclear whether Plaintiff's Opposition, if utilizing 12-point Times New Roman font, would or would not still exceed the 25-page limit. (Note, under Rule 3-4, the footnotes in Plaintiff's Opposition must also comply with Local Rule 3-4.)

## CONCLUSION

For the foregoing reasons, Defendants request that, regardless of the Court's ruling on the timeliness of Plaintiff's Opposition, this Court deny Plaintiff's requested relief of filing an opposition in excess of 25 pages.

Dated: September 3, 2008

Respectfully submitted,

LOZANO SMITH

_____
SLOAN R. SIMMONS
Attorneys for Defendants
ALUM ROCK UESD and
MARIBEL GUIZAR-MAITA

00181\027\PLD\SC017785.WPD