Sloan R. Simmons, SBN 233752
**LOZANO SMITH**
One Capitol Mall, Suite 640
Sacramento, CA 95814
Telephone: (916) 329-7433
Facsimile: (916) 329-9050
sloanrsimmons@lozanosmith.com

Attorneys for Defendants
ALUM ROCK UNION ELEMENTARY SCHOOL DISTRICT
and MARIBEL GUIZAR-MAITA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMULO RIMANDO,<br><br>        Plaintiff,<br><br>v.<br><br>ALUM ROCK UNION ELEMENTARY SCHOOL DISTRICT, MARIBEL GUIZAR-MAITA, INDIVIDUALLY,<br><br>        Defendants. | CASE NO. 5:08-cv-01874-JF<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**<br><br>**(Fed. R. Civ. P. 12)**<br><br>DATE:    September 19, 2008<br>TIME:    9:00 a.m.<br>ROOM:  4, 5th Floor<br>JUDGE:  Hon. Jeremy Fogel<br>TRIAL:   None Set |

# INTRODUCTION

On July 18, 2008, Defendants Alum Rock Union Elementary School District ("District") and Maribel Guizar-Maita ("Ms. Guizar-Maita") (concurrently with the District, "Defendants") filed their Motion to Dismiss ("Motion") Plaintiff Romulo Rimando's ("Plaintiff") Complaint. On September 1, 2008, Plaintiff filed his Opposition to the Motion, three days beyond its August 29, 2008 due date. That same day, Plaintiff filed a Motion for Administrative Relief seeking leave to file his untimely Opposition, and to exceed the twenty-five page limit for such opposition papers required under Local rule 7-3. On September 3, 2008, Defendants filed their Response/Opposition to Plaintiff's Administrative Motion, in which Defendants did not oppose Plaintiff's late filing of his Opposition in light of hurricane Gustav, but opposing Plaintiff's request to exceed page limitations for same. As of the filing of this Reply, a ruling on Plaintiff's Motion for Administrative Relief is pending.

The following Reply establishes that the Court should grant Defendants' Motion, and dismiss Plaintiff's claims for relief under the federal Uniformed Services Employment and Reemployment Act of 1994 ("USERRA") and the California Military and Veterans Code because: (1) Plaintiff cannot avoid that USERRA claims by individuals (like himself) against State employers (like the District) are proper only in state court; (2) alternatively, Plaintiff fails to overcome the bar to his claims under the Eleventh Amendment; (3) Plaintiff's attempts to frame a viable USERRA claim against Ms. Guizar-Maita as a USERRA "employer" are incorrect; and (4) Plaintiff's Opposition does not save Plaintiff's California Military and Veterans Code claims, for which Plaintiff has not pled compliance with or otherwise complied with the California Government Tort Claims Act ("GTCA") claim presentation requirements.[1]

///
///
///

---

[1] Plaintiff does not dispute Defendants' argument in the Motion that, if his USERRA claims are dismissed, this Court should also dismiss his supplemental state law claims.

Additionally, the Motion points out what appears to currently be Plaintiff's counsel's failure to comply with the Local Rules regarding *pro hac vice* appearances, which the Opposition does not address.

# ARGUMENT

## I. PLAINTIFF'S ARGUMENTS THAT THIS COURT HAS JURISDICTION OVER HIS USERRA CLAIMS ARE NOT PERSUASIVE.

Defendants Motion establishes that following the 1998 amendments to USERRA, federal district courts no longer have jurisdiction over suits by individuals (like Plaintiff) against State employers (like the District). *See* Defs.' Mot. at 7:1–10:27. Plaintiff's arguments in opposition are unpersuasive.

Plaintiff spends some time discussing the use of the terms "may" in 38 U.S.C. § 4323(b)(2). Pl.'s Opp'n at 16:1–22:6. Plaintiff's reliance on cases discussing the use of "may," and "may" versus "shall" in contraposition, fails to take into account the amendments of 38 U.S.C. § 4323, or the entirely of the statute's provisions. As explained in the Motion, the 1998 amendments to USERRA sought to shift suits by individuals against State employers to state court because of the Eleventh Amendment bar to such actions in federal district courts. *See* Defs.' Mot. at 7:1–8:14.

Further highlighting this point is the 38 U.S.C. § 4323(c), which provides for the proper venue for USERRA actions. 38 U.S.C. § 4323(c) provides:

> (c) VENUE-(1) In the case of an action by the United States against a State (as an employer), the action may proceed in the United States district court for any district in which the State exercises any authority or carries out any function.
>
> (2) In the case of an action against a private employer, the action may proceed in the United States district court for any district in which the private employer of the person maintains a place of business.

Conspicuously absent from the statute's specific articulation of venue is the proper venue for an action against a State as an employer (such as the District) by a person (such as Plaintiff). *See Valadez v. Regents of Univ. of Cal.*, 2005 WL 1541086, at p. *4 (E.D. Cal. June 29, 2005); *accord McIntosh v. Partridge*, __ F.3d __, 2008 WL 3198250, at p. *3 (5th Cir. Aug. 8, 2008). A statute that specifically delineates venue for a set of cases trumps the general venue provision of 28 U.S.C. § 1391. *See Gulf Research & Development Co. v. Schlumberger Well Surveying Corp.*, 92 F.Supp. 16, 18 (S.D. Cal. 1950); *accord Bruns, Nordeman & Co. v. American Nat. Bank & Trust Co.*, 394 F.2d 300, 303 (2d Cir. 1968) ("The Supreme Court has emphatically held that where Congress has dealt with a particular venue problem- here actions against national banks- broader language in a general venue statute will not overcome this even though literally applicable.") (citations omitted); *see also* 28 U.S.C. § 1391(b) ("A

Defs.' Reply to Pl.'s Opp'n to Mot. to Dismiss
-2-
Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

civil action wherein jurisdiction is not founded solely on diversity of citizenship may, *except as otherwise provided by law . . .*") (emphasis added). The only reasonable conclusion is that 38 U.S.C. § 4323 specifically excludes venue for this case because, as intended by the 1998 amendments, USERRA suits against State employers like the District by individuals like Plaintiff are proper in state court *only*. *See Valadez*, 2005 WL 1541086, at p. *4; *accord McIntosh*, 2008 WL 3198250, at p. *3 & ns.3-4.

Plaintiff relies on *McIntosh v. Partridge*, 2007 WL 1295836 (S.D. Tex. Apr. 30, 2007), for the purported proper interpretation of "may" in 38 U.S.C. § 4323(b)(2). Pl.'s Opp'n at 11:1–17:4. First, the ruling by the Texas District Court is inconsistent with the existing district court precedent in the Ninth Circuit. *See Valadez*, 2005 WL 1541086, at pp. * 3-4. Second, and perhaps more importantly, on August 8, 2008, the Fifth Circuit Court of Appeals reversed the holding that Plaintiff relies upon and found that the federal courts do not have jurisdiction over private plaintiffs' action against a State employer. *McIntosh*, 2008 WL 3198250, at pp. *3-4 & n.4. Unsurprisingly, Plaintiff cites no other cases involving the post-1998 amendments USERRA to support his position.

Finally, with regard to purportedly exemplar "may" versus "shall" case law cited by Plaintiff, such cases are distinguishable. First, Plaintiff looks to *Breur v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003). Pl.'s Opp'n at 18. Yet, the question presented in *Breur* consisted of whether, under the Fair Labor Standards Act of 1938 ("FLSA") a case could be removed to federal court after initially filing in state court in light of the FLSA's language that a case "may be maintained . . . in any Federal or State Court of competent jurisdiction." *Breur*, 538 U.S. at 693. The Court disagreed with the argument that such language required cases filed in state court remain "maintained" in state court without the possibility of removal. *Id.* at 694-99. Not only does *Breur* deal with statutory language distinct from that at play here under USERRA, the case certainly did not involve the same specific history of the amendments to USERRA and uniform precedent regarding USERRA's interpretation. *Id.*

Second, Plaintiff looks to *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005), which again is a case involving a different (and inapposite) statutory scheme (with a different legislative history)—the Telephone Communications Protection Act. Pl.'s Opp'n at 18:14–22:19. *Brill* has no application here. And contrary to Plaintiff's assertions, based on the construction of the 1998 amendments to USERRA, the applicable principle of law is that the specific limit on jurisdiction under

Defs.' Reply to Pl.'s Opp'n to Mot. to Dismiss

-3-

Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

USERRA for this case, as described in the Motion and above, trumps the general grant of federal jurisdiction under 28 U.S.C. § 1331. *See Vinieratos v. U.S., Dept. of Air Force Through Aldridge*, 939 F.2d 762, 776 (9th Cir. 1991) ("Finally, we hold that there is no independent ground for jurisdiction under 28 U.S.C. § 1331 . . . A general statute cannot confer jurisdiction when a more specific statute explicitly denies it."); *e.g.*, *Broughton Lumber Co. v. Columbia River Gorge Com'n*, 975 F.2d 616, 621 (9th Cir. 1992). Consequently, Plaintiff's arguments on this point cannot prevail.

## II.  EVEN ASSUMING *ARGUENDO* THAT USERRA PROVIDES FOR PLAINTIFF'S CLAIMS AGAINST THE DISTRICT IN FEDERAL COURT, PLAINTIFF CANNOT AVOID DISMISSAL OF SUCH CLAIMS PURSUANT TO THE ELEVENTH AMENDMENT.

As explained in the Motion, the amendments to USERRA in 1998 sought to avoid the bar of the Eleventh Amendment and provide individuals with a forum for suits against State employers like the District. Defs.' Mot. at 7:1–8:14.[2] Even assuming *arguendo* Plaintiff can raise his USERRA claims in this Court, they are barred by Eleventh Amendment immunity. As such, Plaintiff's arguments in opposition fail with regard to his USERRA claims; while Plaintiff does not even attempt to address the Eleventh Amendment bar to his state law claims for damages or other retrospective relief.

Plaintiff turns to the narrow holding in *Central Virginia Community Coll. v. Katz*, 546 U.S. 356 (2006), as support for the proposition that the War Powers Clause of Article I of the United States Constitution validly abrogates Eleventh Amendment immunity. Pl.'s Opp'n at 30:10–32:4. Yet, in *Katz*, based on detailed historical analysis and distinct bankruptcy-related jurisdictional issues, the Court held that the Bankruptcy Clause (U.S. Const., Art. I, § 8, cl. 4) is an *rare exception* to the otherwise unwaivering principle that Congress cannot abrogate States' sovereign immunity under the Eleventh Amendment based on its Article I powers. *Katz*, 546 U.S. at 359-79. Outside of the unique holding in *Katz*—a clear exception to the rule—United States Supreme Court precedent is undisturbed that Congress cannot abrogate immunity under Eleventh Amendment through its Article I powers. *See Alden*

---

[2] Plaintiff states at various points in his Opposition that absent the Court's maintenance of his claims under USERRA in this case he is left with no forum for relief. These assertions ignore the directive of the statute and availability of state courts. *See, e.g., Turner v. Houk*, 862 N.E.2d 104 (2007); *Larkin v. Dept. of Mental Health & Mental Retardation*, 806 So.2d 358 (2001).

Defs.' Reply to Pl.'s Opp'n to Mot. to Dismiss
-4-
Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

*v. Maine*, 527 U.S. 706, 711 (1996) ("*Seminole Trive of Fla. V. Florida*, 517 U.S. 44 (1996) . . . made it clear that Congress lacks power under Article I to abrogate the States' sovereign immunity from suits commenced or prosecuted in federal court."); *id.* at 732 ("Nor can we conclude that the specific Article I powers delegated to Congress necessarily include, by virtue of the Necessary and Proper Clause or otherwise, the incidental authority to subject the States to private suits as a means of achieving objectives otherwise within the scope of enumerated powers."); *Fla. Prepaid Postsecondary Ed. Expense Bd. v. Coll. Savings Bank*, 527 U.S. 627, 636 (1999) ("Congress may not abrogate state sovereign immunity pursuant to its Article I powers"); *id.* ("state sovereign immunity does not yield to Congress' Article I powers") (citations omitted); *Seminole Tribe of Fla.*, 517 U.S. at 72-73 ("The Eleventh Amendment restricts judicial power under Article III, and Article I cannot be used circumvent the constitutional limitations placed upon federal jurisdiction. Petitioners' suit against the State of Florida must be dismissed for lack of jurisdiction.").

As reflected above, Plaintiff's argument on this point is inconsistent with the holding of those courts that have addressed the issue. *See Valadez*, 2005 WL 1541086, at pp. *3-4; *Forster v. SAIF Corp.*, 23 F.Supp.2d 1196, 1197 (D. Or. 1998); *accord McIntosh*, 2008 WL 3198250, at pp. *3-4; *Velasquez v. Frapwell*, 165 F.3d 593, 593-94 (7th Cir. 1999); *Risner v. Ohio Dept. of Rehab. & Correction*, __ F.Supp.2d __, 2008 WL 2120542, at pp. *6-9 (N.D. Ohio May 20, 2008); *Larkins v. Dept. of Mental Health*, 1999 WL 33100500, at pp. *1-2; *Palmatier v. Mich. Dept. of State Police*, 981 F.Supp. 529, 531-32 (W.D. Mich. 1997). And Plaintiff has not submitted nearly sufficient historical evidence to support his argument under the analytical benchmarks established in *Katz*. *See Risner*, 2008 WL 2120542, at p. *7 ("the holding in *Katz* was made after extensive review of the clause's history, the reasons it was adopted, and the legislation proposed and enacted under it immediately following ratification of the Constitution. Plaintiff has not identified comparable evidence of the history of the War Powers clauses, the reasons they were adopted, or legislation enacted immediately following ratification indicating that the states waived sovereign immunity in USERRA actions by ratifying Congress' Article I powers . . . Accordingly, . . . Defendants have not waived sovereign immunity with respect to USERRA actions."); *see also Palmatier*, 981 F.Supp. at 531-32 (reaching same conclusion).

///

Correspondingly, Plaintiff's citation to *Mayer v. City of Chicago*, 463 F.Supp.2d 837, 84[4] (N.D. Ill. 2006) (Pl.'s Opp'n at 36:3-19), is wholly misguided because: (a) Defendants do not argue in the Motion that a State employer like the District is entirely not subject to suit pursuant to the terms of USERRA—just not in federal court; and (b) *Mayer* involved the City of Chicago as defendant, which is a municipality not entitled to Eleventh Amendment immunity as an arm of the State of Illinois and a political subdivision treated like a private employer for purposes of USERRA—distinct from the District as an arm of the State of California which commonsensically is treated like a State employer under same. *Cf. McIntosh*, 2008 WL 3198250, at pp. *3 n.3 (paralleling District's immunity herein).

Plaintiff also asserts that application of "California's laws with regard to school-district immunity are applied . . ." in this case directly violates USERRA and the United States Constitution. Pl.'s Opp'n at 35:12-21. This assertion is quickly disposed of in that the so-called "California law" that Defendants rely upon in defense to Plaintiff's USERRA claims is immunity under the *Eleventh Amendment of the United States Constitution*, not state law. Further, Plaintiff requests the Court look to and rely on cases such as *Carpenter v. Tyler Indep. Sch. Dist.*, 429 F.Supp.2d 848 (E.D. Tex. 2006) and *Smith v. Sch. Bd.*, 205 F.Supp.2d 1308 (M.D. Fla. 2002), "which allowed USERRA claims to be pursued against school districts." Pl.'s Opp'n at 35:22–36:2. Yet, there is a critical flaw in Plaintiff's request. While it is true that the respective Texas and Florida district courts in *Carpenter* and *Smith* allowed USERRA suits to proceed against school districts, school districts in Texas and Florida are not considered the State or arms of the state for Eleventh Amendment purposes, but rather are treated like local municipalities and receive no immunity. *See Travelers Indemnity Co. v. Sch. Bd.*, 666 F.2d 505, 507 (11th Cir. 1982) ("We begin with the basic proposition that ordinarily boards of education in Florida are not qua boards of education protected from suit by the Eleventh Amendment."); *Rascon v. Austin Indep. Sch. Dist.*, 2006 WL 2045733, at p. *3 n.2 (W.D. Tex. July 18, 2006) ("[A]n independent school district is more like a city or county than it is like an arm of the State of Texas . . . Thus, this Court does not apply an Eleventh Amendment framework in analyzing an independent school district's immunity from suit in federal court.") (citation omitted); *Hernandez v. Duncanville Sch. Dist.*, 2005 WL 723458, at p. *4 n.4 (N.D. Tex. Mar. 29, 2005) (same); *see also Maher v. City of Chicago*, 463 F.Supp.2d 837, 844 & n.13 (N.D.

///

1 Ill. 2006) (citations omitted). This is contrary to settled federal law regarding California school districts (*see* Defs.' Mot. at 9:3-15) and makes such cases inapposite to the case at bar.

Finally, Plaintiff cites to the Servicemembers Access to Justice Act of 2008, the proposed amendments to USERRA introduced on August 1, 2008, as purported support for his position that Eleventh Amendment immunity does not bar his claims against the District. S. 3432 110th Cong. (2008). To the contrary, the contents of the proposed amendment to USERRA highlight that USERRA *currently does not* abrogate the District's immunity under Eleventh Amendment in that the bill seeks to modify USERRA so that acceptance of federal financial assistance by a State will constitute a waiver of sovereign immunity under the Eleventh Amendment. S. 3432 § 2; *see also Clark v. State of Cal.*, 123 F.3d 1267, 1271 (9th Cir. 1997) (discussing similar language to that proposed in S. 3432 under federal Rehabilitation Act of 1974) (citing *Lane v. Pena*, 518 U.S. 187, 199-200 (1996)). Further, just introduced last month, the bill is not yet even scheduled for debate, let alone voted upon by the Senate or House. *See* GovTrack.us. S. 3432--110th Congress (2008): Servicemembers Access to Justice Act of 2008, GovTrack.us (database of federal legislation) <http://www.govtrack.us/congress/bill.xpd?bill=s110-3432> (accessed Sep 4, 2008).[3]

### III. PLAINTIFF'S ASSERTION THAT MS. GUIZAR-MAITA IS AN "EMPLOYER" FOR PURPOSES OF HIS USERRA CLAIMS MISSES THE MARK.

Plaintiff claims his Complaint states a valid claim against Ms. Guizar-Maita as an "employer" under USERRA. Plaintiff's contention fails for a number of reasons.

First, Ms. Guizar-Maita is not an "employer" under the statute. Simply premised on the allegations in Plaintiff's Complaint, *the District* employed Plaintiff (Compl. at ¶ 5, 14); upon leaving active duty, *the District* reemployed Plaintiff (Compl. at ¶¶ 11-12); *the District* failed to employee Plaintiff (Compl. at ¶ 17); and *the District* discharged Plaintiff (Compl. at ¶ 17). While Plaintiff alleges that Ms. Guizar-Maita made one comment about his military duty sometime between 1995 and 2007 (Compl. at ¶ 14) and that she *informed the District's Governing Board* that Plaintiff was "her choice for

---

[3] Plaintiff all but admits that the current state of law does not support his position on this point: "Because of arguments and cases cited by the Defendants like *Valadez*, it has become necessary for Congress to further clarify the purposes, goals and reach of USERRA." Pl.'s Opp'n at 38:3-6.

1 | termination . . . [,]" (Compl. at ¶ 15), no where does Plaintiff allege, <u>nor can he</u>, that Ms. Guizar-Maita had the authority to hire, reemploy, or fire Plaintiff. Without such authority (or, at a minimum, allegations of such authority in the Complaint), the case law cited by Plaintiff or otherwise does not support the argument that Ms. Guizar-Maita is an "employer" under USERRA. *See Brooks v. Fiore*, 2001 WL 1218448, at p. *9 n.3 (D. Del. Oct. 11, 2001) ("Thus, he cannot be held individually liable. Courts have recognized that USERRA applies only to employers, or those individuals who have the power to hire or fire employees.") (citations omitted); *Brandsasse v. City of Suffolk*, 72 F.Supp.2d 608, 618 (E.D. Va. 1999) (finding, at motion to dismiss stage, individual USERRA employer because, "[a]s Director of Personnel, Dodson has authority over hiring and firing . . ."); *Jones v. Wolf Camera, Inc.*, 1997 WL 22678, at p. *1 (N.D. Tex. Jan. 10, 1997) (finding individuals USERRA employers based on complaint's allegations that individuals "were delegated absolute authority with respect to hiring and firing of employees"); *Novak v. MacKintosh*, 919 F.Supp. 870, 878 (D.S.D. 1996) (*President* and *member of Board of Directors* for company USERRA employer).

Second, even assuming *arguendo* that Ms. Guizar-Maita is an "employer" under USERRA, Plaintiff still must file such an action in state court, not federal court. In other words, Plaintiff's employment was clearly with and for the District. By alleging Ms. Guizar-Maita as an employer under USERRA does not change the nature of Plaintiff's employment with a State employer to that of a "private employer"; and as discussed in detail in the Motion and herein, such claims are not proper in federal court. While Plaintiff relies on *Palmatier v. Michigan Department of State Police*, 981 F.Supp. 529 (W.D. Mich. 19987), to support his position (Pl.'s Opp'n at 27:8–28:19), the case is based on the *pre*-1998 amendments USERRA, which would have allowed cases against State employers (like those in *Palmatier*) to proceed within the jurisdiction of federal court, as opposed to limiting them to state court.

Finally, there is an additional point that makes the holding *Palmatier* relied on by Plaintiff unpersuasive in this case. The definition of employer in USERRA is modeled off of that in the FLSA. *See Novak*, 919 F.Supp. at 877-78. While the Ninth Circuit has not addressed the exact point, at least one federal appellate court has ruled that in actions against individuals as "employers" under the FSLA, a "public official sued in his individual capacity is not an 'employer' subject to individual liability under the FLSA[,]" because such a defendant in his or her "individual capacity had no control over . . .

Defs.' Reply to Pl.'s Opp'n to Mot. to Dismiss

-8-

Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

employment [decisions] and does not qualify as [a plaintiff's] employer. . . ." *Welch v. Laney*, 57 F.3d 1004, 1101 (11th Cir.1995). Instead, such suits must be against an individual in his or her official capacity. *Id.* Here, where USERRA's "employer" definition follows that in the FSLA, Plaintiff sues Ms. Guizar-Maita in her *individual capacity only.* (Compl. at 1:15.) Thus, the reasoning under the *Welch* provides an additional reason why Plaintiff's purported USERRA suit against Ms. Guizar-Maita does not lie.

### IV. PLAINTIFF'S ARGUMENTS REGARDING THE IMPACT OF THE GTCA ON HIS STATE LAW CLAIMS FAIL.

Regardless of the above, this Court should dismiss Plaintiff's supplemental state law claims under California Military and Veterans Code §§ 394 and 395 based on Plaintiff's failure to plead compliance with or otherwise comply with the GTCA. *See* Defs.' Mot. at 15:5–20:10. Plaintiff opposes this argument on two discernable bases, both of which are unpersuasive.

First, Plaintiff argues that, because of the relief he seeks, his claims under the California Military and Veterans Code are exempt from compliance with the GTCA pursuant to Government Code § 905. Pl.'s Opp'n at 38:15-20. Plaintiff fails entirely to discuss or challenge the impact and interaction of Government Code §§ 905, 935, 950.2, and the District's Administrative Regulation 3320 on his state law claims, or the applicable case law discussed by Defendants on this point. Under such authority, coupled with Plaintiff's failure to challenge same, there is little question that Plaintiff's failure to plead or otherwise actually comply with the GTCA (including the District's Administrative Regulation 3320 adopted pursuant to the GTCA) in this case bars his state law claims.

Second, Plaintiff asserts that his Military and Veterans Code claims are saved from compliance with the GTCA because they are "incidental and pendant to Plaintiff's claims under USERRA." Pl.'s Opp'n at 38:21-25. The rights and remedies and causes of action provided for under the California Military and Veterans Code are hardly "incidental[,]" but rather constitute *independent* state law sources of rights for military service members under California law. *See* CAL. MILT. & VET. CODE §§ 389 *et seq.* Further, that Plaintiff's Military and Veterans Code claims are pendant to Plaintiff's USERRA based on Plaintiff's jurisdictional allegations, that in no way negates his obligation to comply with the GTCA. *See Karim-Pananhi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir. 1988) (citations

Defs.' Reply to Pl.'s Opp'n to Mot. to Dismiss

-9-

Rimando v. Alum Rock UESD et al.
Case No. 5:08-cv-01874-JF

omitted); *see, e.g., Flanagan v. Benicia Unified Sch. Dist.*, 2007 WL 4170632, at p. *3 (E.D. Cal. Nov. 19, 2007) (slip op.) ("The defendant's motion must be granted as to the plaintiff's first, second, third, fourth, fifth, sixth, eleventh, and twelfth claims, as they allege violations in state law but do not allege compliance with the California Government Tort Claims Act."); *Petersen v. Mt. Diablo Unified Sch. Dist.*, 2004 WL 2980746, at p. *10 (N.D. Cal. Dec. 20, 2004) ("Because plaintiffs have not followed the procedures as set forth in the California Tort Claims Act, Cal. Gov.Code § 900 *et seq.*, their state tort claims against the District must be dismissed."); *Cooper v. Garcia*, 55 F.Supp.2d 1090, 1101 n.11 (S.D. Cal. 1999); *Jacobsen v. Marin General Hosp.*, 963 F.Supp. 866, 871 (N.D. Cal. 1997) ("The Ninth Circuit has found that 'failure to comply with state imposed procedural conditions to sue the State bars the maintenance of a cause of action based upon these pendent State claims.'") (citations omitted).

## CONCLUSION

For the foregoing reasons and those stated in Defendants' Motion, Defendants request that the Court grant the Motion and dismiss Plaintiff's Complaint.

Dated: September 5, 2008

Respectfully submitted,

LOZANO SMITH

_____
SLOAN R. SIMMONS
Attorneys for Defendants
ALUM ROCK UESD and
MARIBEL GUIZAR-MAITA

00181\027\PLD\SC017785.WPD