**E-Filed 9/26/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROMULO RIMANDO,<br><br>                  Plaintiff,<br><br>      v.<br><br>ALUM ROCK UNION ELEMENTARY<br>SCHOOL DISTRICT and<br>MARIBEL GUIZAR-MAITA, individually,<br><br>                  Defendants. | Case Number C 08-1874 JF (RS)<br><br>ORDER[1] GRANTING MOTION TO DISMISS<br><br>[re: doc. no. 8] |

Plaintiff Romulo Rimando alleges violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") by his former employer, Defendant Alum Rock Union Elementary School District ("Alum Rock"), and a coworker, Defendant Maribel Guizar-Maita ("Guizar-Maita"). Defendants move to dismiss the instant action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Because determination of the issues presented

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 08-1874 JF (RS)
ORDER GRANTING MOTION TO DISMISS
(JFLC1)

by the motion is controlled by the Ninth Circuit's recent decision in *Townsend v. Univ. of Alaska*, No. 07-35993, 2008 WL 4093608 (9th Cir. Sept. 5, 2008), the motion will be granted.

## I. BACKGROUND

Plaintiff is a Sergeant First Class in the United States Army Reserve. He formerly was employed by Alum Rock from October 30, 1995 until August 9, 2007. He was promoted to Telecommunications Supervisor in 1997 and held this position until his termination in August 2007.

Between February 14, 2007 and June 14, 2007, Plaintiff was on active military duty and thus was absent from his employment with Alum Rock. Plaintiff's supervisors were aware of his active duty status. After his active duty period, Plaintiff returned to reserve status and was reemployed by Alum Rock. However, Alum Rock terminated Plaintiff approximately six weeks later. Plaintiff alleges that his termination, which occurred less than 180 days after his reemployment start date, violated certain provisions of USERRA and the California Military and Veterans' Code. Plaintiff also has accused Guizar-Maita "individually" of violating these same statutes. Guizar-Maita allegedly made disparaging remarks about Plaintiff's military obligations and recommended Plaintiff's termination to supervisors at Alum Rock.

## II. DISCUSSION

When considering a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

USERRA "forbids employment discrimination on the basis of membership in the armed forces." *Townsend*, 2008 WL 4093608, at *2. Defendants argue that the Court lacks subject matter jurisdiction because state courts have exclusive jurisdiction over claims brought under USERRA by an individual against a state or state entity. Prior to 1998, USERRA conferred exclusive jurisdiction upon federal courts for all claims brought under the statute. *See Townsend*, 2008 WL 4093608, at *2. In 1998, however, Congress amended USERRA's jurisdictional provisions to allow certain disputes to be heard in state court. *Id*. As amended, the relevant section now states "[i]n the case of an action against a State (as an employer) by a person, the action *may* be brought in a State court of competent jurisdiction in accordance with the laws of the State." 38 U.S.C. § 4323(b)(2) (emphasis added).

While this apparently permissive statutory language appears to grant a plaintiff the option of bringing suit in state or federal court, decisions subsequent to the 1998 amendment have held that the 1998 amendment *removed* federal jurisdiction over USERRA claims brought by an individual against a state. *See Townsend*, 2008 WL 4093608, at *5; *McIntosh v. Partridge*, No. 07-20440, 2008 WL 3198250 (5th Cir. Aug. 8, 2008); *Velasquez v. Frapwell*, 165 F.3d 593, 593-94 (7th Cir. 1999); *Valadez v. Regents of Univ. of Cal.*, No. CV-03-0433, 2005 WL 1541086 (E.D. Cal. June 29, 2005). After carefully considering the amendment's legislative history, courts have concluded that Congress intended to preserve sovereign immunity under the Eleventh Amendment, which "bars federal jurisdiction over suits against an unconsenting state by its own citizens." *Townsend*, 2008 WL 4093608, at *3. This Court is bound by the Ninth Circuit's holding in *Townsend* that a USERRA action brought by an individual against a state entity must

Case No. C 08-1874 JF (RS)
ORDER GRANTING MOTION TO DISMISS
(JFLC1)

be brought in state court.² Thus, the only remaining issues are whether Alum Rock is a state entity and whether USERRA supports an individual claim against Guizar-Maita.

### A.  Alum Rock

Plaintiff argues that even if a suit by an individual against a state must be brought in state court, the present litigation still should be heard in federal court because Alum Rock is not a state entity for USERRA purposes. In support of this proposition, Plaintiff cites *Carpenter v. Tyler Indep. Sch. Dist.*, 429 F. Supp. 2d 848 (E.D. Tex. 2006) and *Smith v. Sch. Bd. of Polk County*, 205 F. Supp. 2d 1308 (M.D. Fla. 2002), both of which allowed USERRA suits against school districts to proceed in federal court. Under Texas and Florida state law, however, school districts are not considered to be state entities entitled to Eleventh Amendment immunity. *See*, *e.g.*, *Travelers Indem. Co. v. Sch. Bd. of Dade County, Fla.*, 666 F.2d 505, 507 ("We begin with the basic proposition that ordinarily boards of education in Florida are not qua boards of education protected from suit by the Eleventh Amendment."); *Rascon v. Austin I.S.D.*, A-05-CA-1072, 2006 WL 2045733, at *3 n.2 (W.D. Tex. July 18, 2006) ("'[A]n independent school district is more like a city or county than it is like an arm of the State of Texas'..... Thus, the Court does not apply an Eleventh Amendment framework in analyzing an independent school district's immunity from suit in federal court.") (citation omitted).

In contrast, it is well settled under California law that California school districts *are* arms of the state and thus are treated as states for Eleventh Amendment purposes. In *Belanger v.*

---

² Plaintiff also argues that if the Court were to allow the suit to be heard in federal court, Defendants would be stripped of sovereign immunity under *Cent. Virginia Cmty. Coll. v. Katz*, 546 U.S. 356 (2006). However, *Katz* is limited to certain bankruptcy proceedings and otherwise does not abrogate the states' Eleventh Amendment immunity. *See id.* at 378; *St. Charles County, Mo. v. Wisconsin*, 447 F.3d 1055, 1058 n.4 (8th Cir. 2006) ("The [*Katz*] Court indicated that this exception for bankruptcy cases is a narrow one.... Because this is not a bankruptcy case, this narrow exception does not apply.").

*Madera Unified Sch. Dist.*, 963 F.2d 248 (9th Cir. 1992), the Ninth Circuit held that California school districts are state entities for purposes of the Eleventh Amendment. *Belanger* noted that in contrast to the law in many other states, "California law treats public schooling as a statewide or central governmental function." *Id.* at 253. For example, the primary source of funding for school districts comes from the state, not local municipalities. *Id.* at 251-52. Moreover, the principal that "California public schools have long been treated as state agencies under California law" dates back to California's Constitution, which mandates that the state legislature provide a system of public schools. *See id.* at 253. *See also Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1123 (9th Cir. 2007) (Ninth Circuit consistently has "held that California school districts and county offices of education are entitled to the state's Eleventh Amendment immunity, due in part to their statutorily mandated relationship with the state, which (among other things) makes the state treasury unconditionally liable to make up any budgetary shortfall encountered by either entity as a result of an adverse judgment.").[3]

It is undisputed that Alum Rock is a California public school district, *see* Complaint ¶ 2, and thus under *Belanger* is a state agency or "arm of the state." While Plaintiff contends that a different analysis should be applied in light of USERRA's broad policy of protecting the rights of service men and women, there is no state or federal authority supporting the assertion that Alum Rock is not a state entity. *See Velasquez*, 165 F.3d at 593; *Valadez*, 2005 WL 1541086, at *3. Accordingly, the Court concludes that it lacks subject matter jurisdiction over Plaintiff's USERRA claims against Alum Rock.

---

[3] During oral argument, Plaintiff asserted that this rule shielded California school districts from USERRA litigation, in contravention of Congressional intent and the Supremacy Clause of the Constitution. However, the judicial rule that California school districts are state agencies is longstanding and predates USERRA, negating Plaintiff's argument.

B.  Guizar-Maita

Guizar-Maita separately argues that she cannot be held liable under USERRA for her alleged actions.  The Court agrees.  USERRA is directed at employers or "those individuals that have the power to hire or fire employees."  *Brooks v. Fiore*, No. 00-803, 2002 WL 1218448, at *9 n.3 (D. Del. Oct. 11, 2001).  *See also* 38 U.S.C. § 4303(A)(i) ("'employer' means any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities").  Alum Rock, not Guizar-Maita, was Plaintiff's employer.  There is no evidence that Guizar-Maita had any discretion to hire or terminate Plaintiff.  To the extent that Plaintiff could amend his complaint to allege that Guizar-Maita had such authority, the same Eleventh Amendment analysis set forth above would apply.  *See* 2008 WL 4093608, at *5.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over Plaintiff's USERRA claims.  Because the USERRA claim must be brought in state court in any event, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(c).

Accordingly, IT IS HEREBY ORDERED that Defendants' motion is GRANTED, and the above-entitled action is dismissed for lack of subject matter jurisdiction.

DATED: September 26, 2008

_____
JEREMY FOGEL
United States District Court

Case No. C 08-1874 JF (RS)
ORDER GRANTING MOTION TO DISMISS
(JFLC1)

1  This Order has been served upon the following persons:

2  George C. Aucoin    aucoingc@att.net, jmez957@yahoo.com, lesliehunt@charter.net

3  Sloan Robert Simmons    ssimmons@lozanosmith.com, mkitabayashi@lozanosmith.com, ploftis@lozanosmith.com

7

Case No. C 08-1874 JF (RS)
ORDER GRANTING MOTION TO DISMISS
(JFLC1)